UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| DIRECTORS OF THE OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS COMBINED FUNDS, INC. | : : : : : Case No. 1:23-cv-180 |
| TRUSTEES OF THE PLASTERERS LOCAL NO. 1 PENSION PLAN | : : : |
| Plaintiffs, | : : |
| v. | : : |
| OMNI FIREPROOFING CO., LLC | : : |
| Defendant. | : : : |

## COMPLAINT

1. Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Combined Funds") collect fringe benefit contributions and deductions on behalf of various employee benefit plans and labor organizations. Plaintiffs, Trustees of the Plasterers Local No. 1 Pension Plan, are the Trustees of an employee benefit plan ("Pension Plan"). Defendant, Omni Fireproofing Co., LLC, is an employer that is obligated to contribute to the Combined Funds and Pension Plan, based upon a contractually agreed rate, so that Defendant's employees may participate in and receive benefits through the benefit plans. Plaintiffs bring this action on behalf of the participants and beneficiaries of the benefit plans for the purpose of collecting contributions and all amounts due as a result of Defendant's failure to submit to an audit and to remit contributions and related sums to the Plaintiffs as required.

1

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the Pension Plan is administered, and the actions giving rise to the cause of action occurred, within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Western Division at Cincinnati.

## PARTIES

4. Plaintiffs, Directors of the Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc. ("Combined Funds"), are Directors of an Ohio nonprofit corporation, established by local unions affiliated with the Operative Plasterers' & Cement Masons' International Association of the United States & Canada, AFL-CIO, and their respective employer counterparts, for the purposes of monitoring and collecting contributions, deductions, interest and liquidated damages owed to certain employee benefit plans. The Combined Funds' principal place of business is located at 3360 Stutz Drive, Suite 101, Canfield, OH 44406.

5. Plaintiffs, Trustees of the Plasterers Local No. 1 Pension Plan, are Trustees of a multiemployer trust fund, to which contributions are required to be paid by employers signatory

to applicable collective bargaining agreements. The Pension Plan's principal place of business is located at 525 Vine Street, Suite 2325, Cincinnati, Ohio 45202.

6. Defendant, Omni Fireproofing Co., LLC, is an Ohio limited liability company with its principal place of business located in Butler County, Ohio. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

**RELEVANT FACTS**

7. The Ohio Conference of the Plasterers and Cement Masons Health and Welfare Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement"), for the purpose of providing health insurance to eligible employees. (Exhibit A, Health Fund Trust Agreement, Section 2.1, at p. 7). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

8. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

9. The Health Fund Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit A, Section 4.1(i), at p. 15). Additionally, the Board of Trustees is vested with the authority to designate persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law. (Exhibit A, Section 4.1(s), at p. 16). The Board of Trustees has delegated authority to collect contributions due to the Health Fund to the Combined Funds.

10. The Combined Funds adopted a Contribution, Collection and Overpayment Policy to ensure employers remit contributions in a timely and orderly manner. (Exhibit B, Combined Funds Collection Policy). The Combined Funds Collection Policy provides that employers are subject to random or for-cause audits to ensure compliance with contribution obligations. (Exhibit B, Combined Funds Collection Policy, at p. 2) The Collection Policy also provides that employers must bear the cost of an audit if the audit report demonstrates that the employer's contribution deficiency is greater than $500.00. *Id*.

11. The Pension Plan was established by an Agreement and Declaration of Trust ("Pension Plan Trust Agreement"), for the purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit C, Pension Plan Trust Agreement, Section 2.1, at p. 6). The Pension Plan is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The Pension Plan is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

12. The Pension Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Pension Plan Board of Trustees is the "plan sponsor" of the Pension Plan as defined by 29 U.S.C. § 1002(16)(B)(iii).

13. The Pension Plan Board of Trustees is vested with the authority to collect employer contributions owed to the Pension Plan. (Exhibit C, Pension Plan Trust Agreement, Art. IV, Section 4.3, at p. 12). The Board of Trustees adopted a collection policy to ensure that employers remit benefit contributions in a timely and orderly manner. (Exhibit D, Pension Plan Collection Policy).

4

14. On or about March 2, 1998, Omni Fireproofing Company, Inc. executed a collective bargaining agreement with the Operative Plasterers' and Cement Masons' International Association of the United States and Canada ("International Agreement"). (Exhibit E). Defendant is the successor employer to Omni Fireproofing Company, Inc.

15. Additionally, on June 7, 2021, Defendant executed an Authorization Agreement for Negotiation and Execution of Labor Agreement, designating the Labor Relations Division, Cincinnati Division, Associated General Contractors of Ohio ("Association") as its agent for negotiating a collective bargaining agreement between Omni and the Cincinnati Plasterers, Ohio Local No. 132 of Operative Plasterers and Cement Masons International Union ("Union").

16. By virtue of signing the International Agreement, the Authorization Agreement, and otherwise manifesting assent, Defendant is signatory to and bound by the Plasterers Ohio Local #132 collective bargaining agreement dated June 22, 2017 and any extensions or renewals thereof, including the Plasterers Ohio Local #132 Agreement, dated July 1, 2021 (collectively, "CBA"). (Ex. G-1 and G-2, Ex. H).

17. The CBA incorporates by reference the terms of the Health Fund and the Pension Plan (collectively "the Funds") Trust Agreements. (Ex. G-1, Sec. XIII and XIV, pp. 3-4). The Funds' Trust Agreements give the Funds the authority to collect employer contributions owed to the Funds. They also authorize Plaintiffs to adopt and enforce a written collection policy and related policies.

18. As an employer bound by the CBA, Defendant became obligated to submit timely reports of the hours paid to covered employees and to make certain contributions to the employee benefit funds named therein. (Exhibit A, Health Fund Trust Agreement, Art. V, Section 5.1, at p.

23; Exhibit C, Pension Plan Trust Agreement, Art. II, Section 2, at p. 4, Exhibit G-1, Sec. XIII and XIV, pp. 3-4).

19. Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds.

20. Pursuant to the terms of the CBA, Trust Agreements, and/or collection policies, Defendant may also be subjected to audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits all records that may be required to complete such audits. In the event an audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit, along with any attorney's fees and costs incurred in connection with the amounts owed.

**COUNT I**
**Failure to Remit Contributions**
**ERISA § 515, 29 U.S.C. § 1145**

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. Pursuant to the CBA, Defendant is required to remit contribution payments and wage deductions to the Health Fund, the Pension Plan, and other employee benefit plans and labor organizations, based upon the number of hours worked by covered employees. (Exhibit E, CBA, Art. V, Section 3, at p. 4).

23. The CBA incorporates by reference the Health Fund Trust Agreement, and relevant benefit funds including the Pension Plan Trust Agreement (collectively "Trust Agreements"). (Exhibit G-1, Section XIII, at p. 4). The Trust Agreements require that Defendant remit contributions as required by the CBAs. (Exhibit A, Health Fund Trust Agreement, Sections 5.1 and 5.4, at pp. 23-24; Exhibit C, Pension Plan Trust Agreement, Section 4.1, at p. 11).

6

24. The terms of the CBA require Defendant to make contributions to the funds. (Ex. G-1, Sec. XIII and XIV, pp. 3-4). The CBA also binds Defendant to the terms of the Trust Agreements of the funds. *Id*. The Health Fund and other employee benefit funds have delegated their authority to collect contributions to the Combined Funds.

25. Pursuant to the collection policies adopted by the Combined Funds and the Pension Plan, Defendant is required to submit accurate monthly reports of hours worked by covered employees and remit full and correct contribution payments. (Exhibit B, Combined Funds Collection Policy, pp. 1-2; Exhibit D, Pension Plan Collection Policy, p. 1).

26. The CBA and the Collection Policies require Defendant to submit all monthly reports and contributions on or before the 15th and 25th day of the month following the month in which work was performed. In the event that contributions are not made by the due dates, they are delinquent. (Exhibit B, Combined Funds Collection Policy, at pp. 2-3; Exhibit D, Pension Plan Collection Policy, at pp. 1-2).

27. Despite repeated demands, Defendant has failed to fully submit to an audit for the period ranging from January 1, 2019, through December 31, 2021.

28. Absent an audit, Plaintiffs have no way of verifying the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed by Defendant in contributions, liquidated damages, and interest for the audit period.

29. At present, because Defendant has failed to submit all of the documents required to complete the audit, Plaintiffs cannot determine whether and to what extent Defendant owes contributions, liquidated damages, and interest. Plaintiffs seek an audit of Defendant's records from January 1, 2019 and later to allow Plaintiffs to determine the amounts owed.

30. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for any delinquent contributions, liquidated damages, accrued and accruing interest, and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

### COUNT II
### Breach of Contract & Failure to Remit Contributions/Reports
### LMRA § 301, 29 U.S.C. § 185

31. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

32. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. Pursuant to the CBA, Defendant is required to remit contribution payments and wage deductions to the Health Fund, the Pension Plan, and other employee benefit plans and labor organizations, based upon the number of hours worked by covered employees. (Exhibit E, CBA, Art. V, Section 3, at p. 4).

33. The CBA incorporates by reference the Health Fund Trust Agreement, and relevant benefit funds including the Pension Plan Trust Agreement (collectively "Trust Agreements"). (Exhibit E, Art. V, Section 3, at p. 4). The Trust Agreements require that Defendant remit contributions as required by the CBAs. (Exhibit A, Health Fund Trust Agreement, Sections 5.1 and 5.4, at pp. 23-24; Exhibit C, Pension Plan Trust Agreement, Section 4.1, at p. 11).

34. The terms of the CBA require Defendant to make contributions to the funds. (Ex. G-1, Sec. XIII and XIV, pp. 3-4). The CBA also binds Defendant to the terms of the Trust Agreements of the funds. *Id*. The Health Fund and other employee benefit funds have delegated their authority to collect contributions to the Combined Funds.

35. Pursuant to the collection policies adopted by the Combined Funds and the Pension Plan, Defendant is required to submit accurate monthly reports of hours worked by covered

8

employees and remit full and correct contribution payments. (Exhibit B, Combined Funds Collection Policy, pp. 1-2; Exhibit D, Pension Plan Collection Policy, p. 1).

36. The CBA and the Collection Policies require Defendant to submit all monthly reports and contributions on or before the 15th and 25th day of the month following the month in which work was performed. In the event that contributions are not made by the due dates, they are delinquent. (Exhibit B, Combined Funds Collection Policy, at pp. 2-3; Exhibit D, Pension Plan Collection Policy, at pp. 1-2).

37. Despite repeated demands, Defendant has failed to submit to an audit for the period ranging from January 1, 2019 through December 31, 2021.

38. Absent an audit, Plaintiffs have no way of verifying the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed by Defendant in contributions, liquidated damages, and interest for the audit period.

39. At present, because Defendant has failed to submit all of the documents required to complete the audit, Plaintiffs cannot determine whether and to what extent Defendant owes contributions, liquidated damages, and interest. Plaintiffs seek an audit of Defendant's records from January 1, 2019 forward, to allow Plaintiffs to determine the amounts owed.

40. Defendant's conduct is in breach of the CBA, Trust Agreements, and Collection Policirs, and Plaintiffs are therefore entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT III
### Failure to Pay Liquidated Damages, Interest and Audit Costs
### ERISA § 515, 29 U.S.C. § 1145

41. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

42. The CBA and the Funds' Collection Policies require Defendant to submit all monthly reports and contributions on or before the 15th and 25th day of the month following the

month in which work was performed. In the event that contributions are not made by the due dates, they are delinquent. (Exhibit B, Combined Funds Collection Policy, at pp. 2-3; Exhibit D, Pension Plan Collection Policy, at pp. 1-2).

43. If contributions are not paid by the 20th or 25th day of the month following the month in which work was performed, respectively, the employer is assessed liquidated damages equal to 10% of the contribution amount, plus interest at the rate of 1% per month. (Ex. B, p. 3; Ex. D, p. 2).

44. Defendant has failed to submit to an audit for the period of January 1, 2019, through December 31, 2021. Defendant may be liable for liquidated damages and interest based on any unpaid contributions disclosed by audit. The amount of liquidated damages and interest cannot be calculated until the amount of delinquent contributions is known.

45. Despite repeated demands to do so, Defendant has failed and otherwise neglected to fully cooperate with an audit of its books and records to determine the amount of contributions, liquidated damages and interest owed.

46. Under the Plaintiffs' collection policies, if an audit discloses a contribution deficiency of greater than $500, or 5% of the Employer's total contributions owed, for the audited period, then the employer is liable for the payment of reasonable audit costs. (Ex. B, p. 2; Ex. D, p. 2).

47. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT IV
**Breach of Contract & Failure to Pay Liquidated Damages, Interest and Audit Costs**
**LMRA § 301, 29 U.S.C. § 185**

48. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

49. The CBA and the Funds' Collection Policies require Defendant to submit all monthly reports and contributions on or before the 15th and 25th day of the month following the month in which work was performed. In the event that contributions are not made by the due dates, they are delinquent. (Exhibit B, Combined Funds Collection Policy, at pp. 2-3; Exhibit D, Pension Plan Collection Policy, at pp. 1-2).

50. If contributions are not paid by the 20th or 25th day of the month following the month in which work was performed, respectively, the employer is assessed liquidated damages equal to 10% of the contribution amount, plus interest at the rate of 1% per month. (Ex. B, p. 3; Ex. D, p. 2).

51. Defendant has failed to submit to an audit for the period of January 1, 2019, through December 31, 2021. Defendant may be liable for liquidated damages and interest based on any unpaid contributions disclosed by audit. The amount of liquidated damages and interest cannot be calculated until the amount of delinquent contributions is known.

52. Despite repeated demands to do so, Defendant has failed and otherwise neglected to fully cooperate with an audit of its books and records to determine the amount of contributions, liquidated damages and interest owed.

53. Under the Plaintiffs' collection policies, if an audit discloses a contribution deficiency of greater than $500, or 5% of the Employer's total contributions owed, for the audited period, then the employer is liable for the payment of reasonable audit costs. (Ex. B, p. 2; Ex. D, p. 2).

54. Defendant's actions are in breach of the CBA, Trust Agreements, and Collection Policie, and Plaintiffs, therefore, are entitled to liquidated damages, interest, and audit costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### Order Compelling Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

55. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

56. The terms of the CBA require Defendant to make contributions to the Funds. The CBA also binds Defendant to the terms of the Trust Agreements of the Funds. (Exhibit E, CBA, Art. V, Section 3, at p. 4).

57. The Collection Policies provide that Plaintiffs may require Defendant to submit to an audit. (Exhibit B, Combined Funds Collection Policy, at p. 3; Exhibit D, Pension Plan Collection Policy, at p. 2).

58. Plaintiffs have no way of verifying, absent an audit, the number of covered hours worked and wages paid to Defendant's employees or subcontractors for the period from January 1, 2019, through December 31, 2021. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest for work performed during that time period.

59. In accordance with the terms of the CBA, Welfare Fund Trust Agreement, Pension Plan Trust Agreement, and Collection Policies, Plaintiffs are entitled to an order compelling Defendant to submit to an audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

60. Pursuant to the Combined Funds' Collection Policy, Defendant is obligated to reimburse Plaintiffs for the cost of performing an audit, if the audit reveals a deficiency greater than $500.00. (Exhibit B, Combined Funds Collection Policy, at p. 2).

**WHEREFORE**, Plaintiffs demand the following relief:

A. An Order requiring Defendant to immediately submit to, and fully comply with, an audit of its books and records from January 1, 2019 and later;

B. Judgment in favor of Plaintiffs and against Defendant for all unpaid benefit contributions, as determined by audit;

C. Judgment on behalf of Plaintiffs and against Defendant for delinquent and unpaid benefit contributions owed by Defendant to Plaintiff that may accrue while this action is pending;

D. Judgment on behalf of Plaintiffs against Defendant for liquidated damages and interest for late and/or unpaid contributions, and for future liquidated damages and interest for late and/or unpaid contributions that may accrue while this action is pending, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A)

E. Judgment against the Defendant for audit costs and expenses, in accordance with the terms of the Collection Policies;

F. An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

G. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Respectfully submitted,

s/ Jennie G. Arnold
Jennie G. Arnold (84697)
Thomas R. Kendall (80996)
**LEDBETTER PARISI LLC**
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
jarnold@fringebenefitlaw.com
tkendall@fringebenefitlaw.com
*Counsel for Plaintiffs*