AMENDED AND RESTATED AGREEMENT
AND DECLARATION OF TRUST

EFFECTIVE JANUARY 1, 1976

THIS AMENDED AND RESTATED AGREEMENT AND DECLARATION OF TRUST, entered into this 1st day of April, 1976, by and between the persons designated by Ohio Conference of Plasterers and Cement Masons and member unions affiliated with the AFL-CIO, hereinafter referred to as the "Union", to serve as Trustees, hereinafter referred to as "Union Trustees", and the persons designated by the Labor Relations Division of the Ohio Contractors Association, Labor Relations Division of the Builders Exchange of Akron and Vicinity, Inc., West Central Ohio Chapter Associated General Contractors, The Builders Association of Eastern Ohio and Western Pennsylvania, Central Ohio Division Associated Contractors of Ohio Inc. Associated General Contractors of America, Inc., Associated Building Contractors of Toledo, hereinafter referred to as the "Association", to serve as Trustees, hereinafter referred to as the "Association Trustees", supersedes as of January 1, 1976, the Trust Agreement made and entered into on May 1, 1964, and as amended thereafter.

W I T N E S S E T H:

WHEREAS, the Union has entered into collective bargaining agreements with construction industry employers of plasterers and cement masons for the purpose of establishing and continuing a health and welfare plan, and

WHEREAS, on May 1, 1964, a certain Agreement and Declaration of Trust was entered into by certain Employers and the Union, and

WHEREAS, on February 9, 1966 a certain amendment was made and adopted by the Trustees, and

WHEREAS, on December 17, 1969, a further amendment was made and adopted by the Trustees, and

WHEREAS, on April 10, 1970, a certain amendment to the Trust was made and adopted by the Trustees, and

WHEREAS, on October 2, 1972, a certain amendment to the Trust was made incorporating all amendments to that date, and

WHEREAS, the parties hereto, having determined that it would be in the best interests of the Employees and the Trust Fund to do so, desire to

amend said Agreement and Declaration of Trust by restatement, including the incorporation of all of the amendments heretofore adopted, but without altering the stated purposes thereof; and

WHEREAS, to effectuate the aforesaid purpose it is desired to restate and maintain the Trust Fund to conform to the applicable requirements of the Labor Management Relations Act of 1947 as amended, the rules and regulations issued thereunder, to qualify as an exempt Trust pursuant to the Internal Revenue Code and the regulations issued thereunder, and to conform to the requirements of the Employee Retirement Income Security Act of 1974 and the regulations issued thereunder; and

WHEREAS, the Association Trustees and the Union Trustees who have subscribed to this Amended and Restated Agreement and Declaration of Trust have separately and jointly agreed that this Amended and Restated Agreement and Declaration of Trust shall comprehend the rights and duties of the Association, Employers, Union and Trustees with respect to the administration and operation of the Trust Fund herein created and maintained.

NOW THEREFORE, in consideration of the premises and mutual covenants and agreements herein expressed, the Association Trustees and the Union Trustees do agree as follows:

-2-

ARTICLE I

NAME AND DEFINITIONS

Section 1.1. Name. The name of the health and welfare fund hereby created shall be OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE FUND.

Section 1.2. Definition. The following words and phrases when used herein shall have the following meanings unless a different meaning is required by the context:

(a) "AGREEMENT" shall mean this Amended and Restated Agreement and Declaration of Trust as originally entered into and as hereafter amended pursuant to Article VIII.

(b) "UNION" shall mean OHIO CONFERENCE OF PLASTERERS AND CEMENT MASONS and affiliated member unions, and other unions representing plasterers and cement masions working in Ohio and contiguous states who become parties to Collective Bargaining Agreements requiring contributions by Employers into this Fund and are accepted by the Trustees on terms in their sole discretion the Trustees shall determine.

(c) "ASSOCIATION" shall mean the combination of the following Associations and Employers: Labor Relations Division of the Ohio Contractors Association, Labor Relations Division of the Builders Exchange of Akron and Vicinity, Inc., West Central Ohio Chapter Associated General Contractors, The Builders Association of Eastern Ohio and Western Pennsylvania, Central Ohio Division Associated Contractors of Ohio Inc. Associated General Contractors of America, Inc., Associated Building Contractors of Toledo. The term Association shall also include its Employer members who become parties to this Agreement in the manner hereinafter provided.

(d) "EMPLOYER". The term "Employer" as used herein shall mean:

(1) Labor Relations Division of the Ohio Contractors Association, Labor Relations Division of the Builders Exchange of Akron and Vicinity, Inc. West Central Ohio Capter Associated General Contractors, The Builders Association of Eastern Ohio and Western Pennsylvaniz, Central Ohio Division Associated Contractors of Ohio Inc. Associated General Contractors of America, Inc., Associated Building Contractors of Toledo, which are hereinafter referred to as the "Association". Employers who are parties to collective bargaining agreement with the Union as a result of their affiliation with the Association shall be referred to as "Association Employers".

(2) Any other individual, firm, association, partnership or corporation who are not members of the Association who are participants to collective bargaining agreement or assent agreements with the Union and/or Trustees and contribute to the Fund herein provided for. The participation of employers shall be on terms which the Trustees, in their absolute discretion, shall determine. An Employer in this subsection shall be called an "Independent Employer".

-3-

(3) Any individual, firm, association, partnership or corporation who is bound by a collective bargaining agreement with the Union and (a) makes contributions to the Trust Fund on a non-discriminatory basis for its employees not covered by a collective bargaining agreement with said Union; (b) becomes contractually obligated to make said contributions on behalf of its employees; (c) signs a copy of this Agreement or in some other manner acceptable to the Trustees consents in writing to be bound by the terms of this Agreement; and (d) has been accepted for participation in the Fund by the Trustees on terms which, in their absolute discretion, the Trustees shall determine.

(4) If the Trustees by resolution so provide and if not judicially determined by a' court of final jurisdiction to be a violation of any law or statute, the term "Employer" may also include the Union and may also include the Trustees, for their Employees provided first any of the above organizations (a) becomes contractually obligated to make contributions on behalf of its employees; (b) signs a copy of this Agreement or in some other manner acceptable to the Trustees consents in writing to be bound by the terms of this Agreement; and (c) has been accepted for participation in the Fund by the Trustees on terms which, in their absolute discretion, the Trustees shall determine. The Employers in this subsection shall have no vote in the selection of Employer Trustees.

(5) The Employers as defined herein shall, by the making of payments to the Trust Fund pursuant to the aforementioned documents, be conclusively deemed to have accepted and be bound by this Agreement and Declaration of Trust.

(e) (1) "EMPLOYEE" shall mean a person in the plasterers and cement masons trade who is employed by an Employer (other than the Union), and who is in a Collective Bargaining Unit represented by the Union. The term also includes a person employed by the Union and a person employed by the Trustees whose duties are principally for the Trust.

(2) The term shall also mean those individuals who qualify in accordance with the provisions of Section 7.3.

(3) An Employee shall not be ineligible to participate in the benefits of the Fund because of his participation in a labor dispute or because of his absence from work due to such labor disupte or because of his being locked out by his Employer.

(4) The term "Employee shall not include partners or self-employed persons no matter how designated; and such persons are expressly excluded from the benefits provided hereunder.

(f) "COVERED EMPLOYEE" shall mean an Employee who is eligible to participate hereunder and who is covered by a Policy or Policies purchased by the Trustees pursuant to this Agreement, or who is covered under self-insurance established by the Trustees. The term "Eligible Dependents" shall, where appropriate, include those persons as are defined by the Trustees and their rules and regulations.

(g) "TRUSTEES". The term "Trustees" shall mean any natural person designated as a Trustee pursuant to Article III of this Agreement or his successor or successors. The term "Trustees" shall also mean the Association Trustees and the Union Trustees collectively, and shall include their successors

-4-

when acting as Trustees. The term "Association Trustees" shall mean the Trustees appointed by the Association, and the term "Union Trustees" shall mean the Trustees appointed by the Union.

(h) "TRUST FUND" or "HEALTH AND WELFARE FUND" shall mean the amount contributed to the Trustees by Employers, such additional sums as the Trustees receive as dividends, rate refunds and recoveries on policies held by the Trustees either paid to the Trustees or left by the Trustees with an insurance company, all investments of trust assets made by the Trustees and income thereon, the policies from time to time held by the Trustees, and any other money or property received by the Trustees in connection with the administration of this Agreement.

(i) "INSURANCE COMPANY" shall mean a legal reserve Insurance Company and/or a duly incorporated Mutual Hospital and Medical Care Association which upon application by the Trustees has issued one or more group insurance policies providing such insurance coverage or benefits of the types specified in Article II as the Trustees may provide.

(j) "POLICY". The terms "Policy" or "Policies" as used herein shall mean the policy or policies of insurance or certificates of coverage and participation therein issued pursuant to this Agreement and accepted by the Trustees as part of the Trust Fund and all other policies of insurance accepted by the Trustees as part of such Trust Fund. They shall be deemed to include any amendments or riders attached to such policy or policies. Provided, however, that the Trustees, in their sole and absolute discretion, may self-fund any portion or all of the benefits to be provided hereunder.

(k) "COLLECTIVE BARGAINING AGREEMENT". The term "Collective Bargaining Agreement" as used herein shall mean the successive Collective Bargaining Agreements existing between the Employer and the Union which provides for contributions into this Trust Fund as well as any extension or extensions, renewal or renewals of any such Collective Bargaining Agreement or any new Collective Bargaining Agreement which provides for contributions into this Trust Fund.

(l) "CONTRIBUTIONS". The term "Contributions" as used herein shall mean money required to be paid to the Fund in accordance with a Collective Bargaining Agreement, or other appropriate written agreement.

(m) "HEALTH AND WELFARE PLAN" or "PLAN". The term "Health and Welfare Plan" or "Plan" as used herein shall mean program or programs of health and welfare benefits adopted and provided by the Trustees, together with any amendments and/or interpretations thereof duly adopted by the Trustees.

-5-

(n)  "INVESTMENT MANAGER".  The term "Investment Manager" means a fiduciary, other than a trustee or named fiduciary, who meets the requirements of Section 3(38) of the Act.

(o)  "CORPORATE TRUSTEE".  The term "Corporate Trustee" shall mean such bank, trust company or other financial institution as may be designated by the Trustees to hold the property of the Trust Fund.

(p)  "ERISA".  The term "ERISA" or "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974, as originally enacted or thereafter amended.

(q)  "CODE" shall men the Internal Revenue Code.

(r)  The use herein of the masculine shall include feminine where applicable, and the use of the singular shall include the plural where applicable.  The words "and" and "or" are employed in the conjunctive and disjunctive sense respectively except where a contrary intention clearly appears from the context.  The words "hereby", "herein", "hereof" and "hereunder" and any compounds thereof shall be construed as referring to this Health and Welfare Plan and Agreement generally and not merely to the particular articles, sections and paragraphs in which they appear unless otherwise required by the context.

## ARTICLE II

### PURPOSES OF PLAN AND TRUST AGREEMENT

Section 2.1 Purposes. This Plan and Agreement are established for the purposes of providing through Policies issued by duly licensed Insurance Companies group term life and group accident and health insurance, including group hospitalization, medical and surgical benefits, or any of such insurance as shall be selected by the Trustees for the benefit of Employees, and if so determined by the Trustees, in their discretion, group insurance and hospital-ization, surgical and medical care or any of such insurance for the benefit of eligible dependents and members of the immediate families of Covered Employees as the Trustees select. Provided, however, the Trustees, in their sole dis-cretion, may self-fund any portion or any of the benefits to be provided here-under.

Section 2.2 Rules of Eligibility. In connection with the purposes referred to in Section 2.1, the Trustees shall have the right to determine and to agree with the Insurance Company issuing any such Policy as to waiting periods, definitions of employment and such other provisions concerning eligibility of Employees and (if Trustees elect to provide benefits for eligible dependents and members of immediate families of Covered Employees) of eligible dependents and members of their immediate families as the Trustees deem appropriate in order that the Trust Fund shall be maintained on a sound financial and actuarial basis. The Trustees, in their discretion, may change the eligibility requirements from time to time, whenever either they determine that stricter eligibility requirements are necessary in order to keep the Trust Fund on a sound financial and actuarial basis or if they find that on an actuarially determined basis the Trust Fund is adequate to permit eligibility requirements which are more favorable to the Employees, and are acceptable to the Insurance Company, or satisfactory to the Trustees in the event this Agreement becomes a self-insured plan at any time hereafter.

Trustees shall also have the right to determine any and all eligibility provisions of Employees, their eligible dependents and immediate families as the Trustees deem appropriate in order to administer fairly the said Trust Fund.

-7-

Section 2.3 Multi-Employer Plans. It is intended that this Trust Fund and Plan be a multi-employer Plan as that term is defined in Section 3(37) of ERISA.

## ARTICLE III

### TRUSTEES

Section 3.1 Number and Appointment of Trustees. (a) The Trust Fund and the Health and Welfare Plan shall be administered by twelve (12) Trustees consisting of six (6) Union Trustees appointed by the Union and six (6) Association Trustees appointed by the Association The Trustees, as of the date of the execution hereof on behalf of the Union, shall be William E. Letcher, James E. Craig, Jr., Clarence Lee, Orlando J. Balotta, Louis Rich and George Reynolds. The Trustees, as of the date of the execution hereof on behalf of the Association shall be Raymond J. Mion, Arthur E. Weeks, Jr., James Dougherty, Robert L. Miller, John N. Logue and Robert Sattler.

(b) The Union shall designate six (6) alternate Trustees and each association shall designate an alternate Trustee. The alternate Trustees so designated shall have no voice or vote except in the absence of the Trustee whom they represent. Whenever there is a vacancy among the Union Trustees, the Union shall promptly appoint a successor Trustee or alternate Trustee and whenever there is a vacancy among the Association Trustees, the Association Trustees shall promptly appoint a successor Trustee or alternate Trustee. An Alternate Trustee shall not be permitted voice or vote unless he deposits with the Secretary of Trustees a written proxy which specifically designates the date of absence of the regular Trustee for whom he is the representative.

Section 3.2 Qualification of Trustees. No person shall be appointed as Trustee hereunder who has been convicted of a crime involving moral turpitude and any Trustee who is convicted of such crime shall cease to act hereunder upon the date such conviction becomes final. No person shall be disqualified from being a Trustee by reason of the fact that he is or hereafter becomes a covered employee.

Section 3.3 Acceptance of Trusteeship. The Trustees shall immediately meet and sign this Amended and Restated Agreement and Declaration of Trust which continues the Fund. The Trustees, by affixing their signatures at the end of this Agreement, agree to accept the trusteeship and act in their capacities stricly in accordance with the provisions of this Agreement.

Section 3.4 Term of Trustees. (a) Resignation. A Trustee may resign by at least thirty (30) days prior written notice to the party appointing him and to the remaining Trustees.

-9-

(b)  Removal of Trustees.  The Union may terminate the appointment of any Union Trustee by mailing or delivering to said Trustee and to each of the remaining Trustees a true copy of the appropriate action taken by the Union terminating such designation.  The removal shall become effective on the date specified in such notice.  Any Association Trustee may be removed by the Association that appointed said Trustee.  In terminating the designation of such Association Trustee, the same shall be done by mailing or delivering to the person to be removed as well as to all of the remaining Trustees, a copy of the termination of appointment.  The removal shall become effective on the date specified on such notice.  The Board of Trustees shall initiate action to cause the removal of any fellow Trustee who may be serving as a Trustee in violation of the Act.  The vacancy or vacancies caused by such removal shall be filled in accordance with Section 3.6 of this Article III.

Section 3.5  Power of Remaining Trustees During Vacancy.  During the period of any vacancy or vacancies thus created in the office of Trustee, the power of the remaining Trustees, acting in the manner herein provided, shall not be impaired in administering the affairs of the Fund, pending the filling of such vacancy or vacancies.

Section 3.6  Successor Trustee.  In the event of a vacancy of a Union Trustee, the successor Trustee shall be appointed within thirty (30) days by the Union.  In the event of a vacancy of an Association Trustee, the successor Trustee shall be appointed within thirty (30) days by the Association from which the vacating Trustee was appointed.

If either the Association or the Union fails to fill a vacancy within the said thirty (30) days, then in such event a majority of the then serving Trustees present and voting shall have the right to fill such vacancy, whether it be on behalf of the Association or on behalf of the Union.  In case any such Union Trustee or Association Trustee vacancy is filled by action of the remaining Trustees, as contemplated herein, any such respective Union or Association Trustees may be removed by the Union, if a Union Trustee, or the Association, if an Association Trustee acting collectively and as a unit, as the case may be.  However, such removal must be by an instrument in writing, and in order to be effective to accomplish any such removal, such instrument must set forth and designate the names of the appropriate person being appointed to fill the vacancy, which will be caused by the removal, together with the

-10-

written acceptance of said person.

Any successor Trustee shall immediately upon his designation as successor Trustee and his acceptance in writing filed with the Trustees become vested with all the property, rights, powers and duties of a Trustee hereunder with like effect as if originally named as a Trustee, and all the Trustees then in office and all other necessary persons shall be notified immediately. No successor Trustee shall in any way be responsible for anything done or committed in the administration of the Fund prior to the date he became a Trustee or subsequent to the time his trustee ship is terminated.

Section 3.7  Retiring or Removed Trustee.  Any retiring or removed Trustee shall forthwith return to the remaining Trustees, at the office of the Fund, any and all books, records, documents, moneys and other properties in his possession belonging to the Fund or incident to the fulfillment of this Agreement and the administration of the Fund.

Section 3.8  Election of Officers.  The Trustees, upon execution of this Agreement and annually thereafter in the month of June, shall elect from their members a Chairman and a Secretary-Treasurer (of whom one shall be a Union Trustee and the other an Association Trustee) to serve for the term of one year commencing on the following July 1 or until their respective successors shall be elected and qualified.  An officer shall cease to act as such whenever he ceases to be a Trustee.  An officer may be removed from office at any time, if elected by the Union Trustees by the vote of the remaining Union Trustees, and if elected by the Association Trustees by the vote of the remaining Association Trustees.  If a vacancy in either of said offices occurs, a successor for the balance of the term shall be elected from the same group of Trustees to which the office whose place is being filled belongs.

Section 3.9  Meetings.  A meeting of the Trustees may be called at any time by either officer Trustee or by any two non-officer Trustees on five days written notice to the other Trustees, which notice may be waived in writing by any Trustee before or after any such meeting.  Any Trustee attending a meeting shall be deemed to have waived such notice unless he objects to the lack of notice at the beginning of the meeting.  The Trustees shall adopt reasonable rules and regulations appropriate for the conduct of meetings.

-11-

Section 3.10   Action by the Trustees Without Meeting.  Action by the Trustees may also be taken by them in writing without a meeting, provided, however, that in such cases there shall be unanimous written consent by all of the Trustees on the question(s) to be decided.

Section 3.11 Quorum.  A quorum for the transaction of business at any meeting of the Trustees shall consist of at least six (6) Trustees, three (3) of whom shall be Trustees of the Union and three (3) of whom shall be Trustees of the Association.

Section 3.12   Voting.  All actions by and decision by the Trustees shall be by the vote of the majority of the number of the Trustees attending and voting at a duly called meeting of the Trustees at which there is a quorum present, provided, however, that such majority must consist of at least one (1) Association Trustee and one (1) Union Trustee.  The Association Trustees and the Union Trustees shall have equal voting strength.  The vote of any Trustee not present for any reason shall be cast by the Trustee present design- ated by the same party with the same force and effect as if such absent Trustee were present.

Section 3.13   Deadlock.  (a) A deadlock shall be deemed to exist for the purposes of this section whenever (1) a proposal, nomination, motion or resolution made or seconded by any two Union Trustees or any two Association Trustees is not adopted or defeated by the vote required by Section 3.12, or (2) a quorum is lacking at a duly called meeting and such quorum is not secur- ed at an adjournment of such meeting.

(b)  In the event of a deadlock, the Trustees shall agree to submit the dispute to final and binding arbitration.  The Association Trustees and the Union Trustees shall attempt to mutually select an impartial arbitrator, but in the event no such mutual selection is agreed to within thirty (30) days, then either the Association Trustees or the Union Trustees, or both, may apply to the American Arbitration Association in the area in which the Fund maintains its principal office for the designation of an arbitrator who will decide any matter submitted to arbitration in accordance with the provisions of Article III, Section 3.12.  The decisions of the arbitrator shall be final and binding. Any arbitrator selected in accordance with this section shall be required to

-12-

enter his decision within a reasonable time. The scope of any such arbitration shall be limited to the provisions of this Agreement and the provisions of the Plan. The arbitrator shall have no jurisdiction or authority to change or modify the provisions of this Agreement or the Plan or to decide any issues arising out of the interpretation of any Collective Bargaining Agreement, and such arbitrator shall have no power or authority to modify or change any provision in such Collective Bargaining Agreement.

The arbitrator may not make any decision or finding of fact which would change or alter in any manner any provision of this Trust or which would change the tax free status of this Trust.

(c) The cost and expense incidental to any arbitration proceedings including the fee and expenses of the impartial arbitrator, and reasonable attorney fees for any general or special legal counsel retained by the Trustees shall be borne by the Trust Fund. If the Union or Union Trustees, or if the Association or the Association Trustees, desire to retain legal counsel to represent them and their interests, each shall bear the expense of their respective separate special counsel.

ARTICLE IV

POWERS AND DUTIES OF TRUSTEES

**Section 4.1  General Powers.**  In operating and administering the Trust Fund and Plan, the Trustees shall have the power and/or duty:

(a)  To establish, maintain and administer a Plan on behalf of Employees consistent with a prudent funding policy and method which shall be established and observed by the Trustees in accordance with ERISA and to establish and accumulate as part of the Trust Fund a reserve which, in the opinion of the Trustees, is sufficient to carry out the purposes of the Trust Fund.

(b)  To enter into any and all contracts and agreements for carrying out the terms of this Agreement and for the Administration of the Trust Fund and Plan, and to do all acts as they, in their discretion may deem necessary and advisable.

(c)  To pay or provide for the payment of benefits to employees and their beneficiaries when found eligible to receive the same.

(d)  To pay or provide for the payment of all reasonable and necessary expenses in connection with collecting Employer contributions and administering affairs of the Plan and Trust Fund including, but without limitation, all expenses which may be incurred in connection with the establishment and amendment of the Plan and Trust Fund, the providing of fidelity bonds and errors and omissions insurance for the Trustees; the employment of administrative, legal, accounting, actuarial, expert and clerical assistance; the expenses in connection with the attendance at educational programs, including but not limited to registration, travel and daily expenses; the leasing of such premises and the lease or purchase of such materials, supplies and equipment as the Trustees, in their discretion, find necessary and appropriate in the performance of their duties, excepting, however, that no part of the Trust Fund shall be used for the personal expenses or compensation of Trustees, except reimbursement of the reasonable and necessary expenses actually and properly incurred under specific authority granted by resolution of Trustees.  Trustees may maintain a reserve for expected administrative expenses reasonable anticipated to be incurred and to make appropriate allocations of common administrative expenses and disbursements shared by this Trust Fund and other Trust Funds in which the Union participates.

(e)  To apply for, accept and pay premiums for, as part of the Trust Fund, the policies issued to them in their names as Trustees and may also accept as part of the Trust Fund any other policy of insurance issued for such purposes.

All policies of insurance purchased by the Trustees shall be of the type known as group insurance, the master policy to be issued in the name of the Trustees or of the Trust Fund, with individual certificates or booklets under such policies to be issued to each covered Employee at his last known address.

The Trustees shall be empowered to agree with each insurance carrier upon provisions to be contained in each policy, rider, endorsement or amendment.  All rights and privileges granted to the policyholder by a policy or allowed by insurance carrier shall be vested in the Trustees and they may take any action with respect to each policy or the insurance provided thereunder as may be permitted by the insurance carrier or by the terms of such policy.

-14-

The Trustees shll be authorized and empowered to make all deter-
minations concerning the application of such policies to individual
Employees entitled to benefits under this Agreement with respect to
such matters as waiting periods, eligibility of Employees, and such
other provisions as the Trustees may deem appropriate, including
the specifying of member of Employees' families who might be made
eligible for such benefits under such policy or policies entered
into by the Trustees.

If at any time the Trust Fund shall not be sufficient to carry out
the purposes of this Agreement, the Trustees may take such action
as may be necessary or advisable in connection with the reduction
of the then existing insurance benefits in order that the cost of
any insurance policy or policies shall not be greater than that
which, in the judgment of the Trustees, can or should be paid from
the Trust Fund.  Nothing herein shall preclude the Trustees from
self-insuring the benefits of the Plan.

(f)  To sell, exchange, lease, convey or dispose of any property at
any time forming a part of the Trust Fund or the whole thereof
upon such terms as they may deem proper and to effect and deliver
any and all instrument of conveyance and transfer in connection
therewith.

(g)  To pay or provide for the payment of all real and personal
property taxes, income taxes and other taxes or governmental
obligations of any and all kinds levied or assessed under existing
or future laws upon or in respect to the Trust Fund, the Plan, or
any money or property forming a part thereof.

(h)  To compromise, settle, arbitrate, and release claims or
demands in favor of or against the Trust Fund or the Trustees on
such terms and conditions as the Trustees may deem advisable.

(i)  To require and receive contributions to the Trust Fund by the
Employers in accordance with the applicable collective bargaining
agreements and the provisions contained herein.

(j)  To receive contributions or payments from any source whatso-
ever to the extent permitted by law.

(k)  To invest and reinvest the Trust Fund assets in any type of
investments and to take any and all action with respect to holding,
buying, selling, or maintaining such investments as they, in their
sole discretion, may deem appropriate, subject to the requirements
of ERISA.

(l)  To keep real property purchased by the Trustees registered in
the name of the Trustees and to keep personal property in the name
of the Trustees or in the name of a nominee or nominees, as may be
determined within the discretion of the Trustees.

(m)  To appoint a bank or banks or trust company or trust companies
whose capital and surplus is not less than $50,000,000 to be
designated as "Corporate Trustees" or as "Corporate Agent", and to
enter into and execute a trust agreement or agreements with such
bank or banks or trust company or trust companies, to provide for
the investment and reinvestment and/or custodianship of assets
of the Fund, with such other provisions incorporated therein as may
be deemed desireable to the Trustees' sole discretion for the
proper management of the Fund and without limit with respect to the
powers which the Trustees may grant to such Corporate Trustee or
Corporate Agent in such agreement to the extent permitted by law.

(n)  Make such uniform rules and regulations as are consistent with

-15-

and necessary for effectuating the provision of this Agreement, including but not being limited to the following:

(i)  To prescribe rules and procedures governing the application for benefits by Employees and beneficiaries, and a claims appeal procedure for appeals by parties aggrieved by the action of any such application.

(ii)  To make determinations which may be made final and binding upon all parties as to the rights of any Employee or any beneficiary to benefits, including any rights any individual may have to request a hearing with respect to any such determination.

(iii)  To make such other rules and regulations as may be necessary for the administration of the Pension Plan which are not inconsistent with the purposes of this Agreement.

(o)  To borrow money upon such terms and conditions at such time or times and for such powers consistent with the purposes of this Trust Agreement as they may deem necessary and desirable and in the best interests of the participants in the Plan and their beneficiaries. For all sums so borrowed, the Trustees may issue their promissory notes as Trustees and secure the payment thereof by pledging all or any portion of Trust assets.

(p)  To join and maintain membership in the name of the Trust Fund in one or more recognized organizations established for the education and training of Trustees and Trust Fund personnel and to authorize one or more of the Trustees or Trust Fund employees to attend conferences, seminars and programs of such organization and to authorize the payment or reimbursement by the Trust Fund of the reasonable expenses actually incurred in attending the said meetings of said organization.  The Trustees may also authorize one or more of the Trustees and Trust Fund employees to attend industry conferences directed at and pertinent to the provision, management and administration of benefits and may authorize the payment of reimbursement of reasonable expenses actually incurred in connection with the attendance at said industry conferences.

(q)  To establish an office for the transaction of its business, to be made known to the parties interested in the Trust Fund.  At such office there shall be maintained books and records pertaining to the Trust Fund and its administration.

(r)  To extend the coverage of this Amended and Restated Agreement and Declaration of Trust and Plan to additional Unions and Employers subject to the approval of the Trustees.

(s)  To allocate fiduciary responsibilities among the Trustees and to designate (by delegation) persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law, but the power to allocate and/or delegate fiduciary responsibility shall not apply to the responsibility to manage the assets of the Trust Fund other than the power to appoint an investment manager or managers.

(t)  To obtain and evaluate all statistical and actuarial data which may be reasonably required with respect to the administration of the Plan, it being agreed that all information, records, lists of Employers and Employees and all other data which may come into the hands of the Trustees are to be considered confidential and private records of the Trust Fund and no information from such records, lists or data shall be divulged by the Trustees unless unanimously authorized by the Trustees.

-16-

and necessary for effectuating the provision of this Agreement,
including but not being limited to the following:

(i)  To prescribe rules and procedures governing the application for benefits by Employees and beneficiaries, and a claims appeal procedure for appeals by parties aggrieved by the action of any such application.

(ii)  To make determinations which may be made final and binding upon all parties as to the rights of any Employee or any beneficiary to benefits, including any rights any individual may have to request a hearing with respect to any such determination.

(iii)  To make such other rules and regulations as may be necessary for the administration of the Pension Plan which are not inconsistent with the purposes of this Agreement.

(o)  To borrow money upon such terms and conditions at such time or times and for such powers consistent with the purposes of this Trust Agreement as they may deem necessary and desirable and in the best interests of the participants in the Plan and their beneficiaries. For all sums so borrowed, the Trustees may issue their promissory notes as Trustees and secure the payment thereof by pledging all or any portion of Trust assets.

(p)  To join and maintain membership in the name of the Trust Fund in one or more recognized organizations established for the education and training of Trustees and Trust Fund personnel and to authorize one or more of the Trustees or Trust Fund employees to attend conferences, seminars and programs of such organization and to authorize the payment or reimbursement by the Trust Fund of the reasonable expenses actually incurred in attending the said meetings of said organization.  The Trustees may also authorize one or more of the Trustees and Trust Fund employees to attend industry conferences directed at and pertinent to the provision, management and administration of benefits and may authorize the payment of reimbursement of reasonable expenses actually incurred in connection with the attendance at said industry conferences.

(q)  To establish an office for the transaction of its business, to be made known to the parties interested in the Trust Fund.  At such office there shall be maintained books and records pertaining to the Trust Fund and its administration.

(r)  To extend the coverage of this Amended and Restated Agreement and Declaration of Trust and Plan to additional Unions and Employers subject to the approval of

(s)  To allocate fiduciary responsibilities among the Trustees and to designate (by delegation) persons other than Trustees to carry out fiduciary responsibilities to the extent permitted by law, but the power to allocate and/or delegate fiduciary responsibility shall not apply to the responsibility to manage the assets of the Trust Fund other than the power to appoint an investment manager or managers.

(t)  To obtain and evaluate all statistical and actuarial data which may be reasonably required with respect to the administration of the Plan, it being agreed that all information, records, lists of Employers and Employees and all other data which may come into the hands of the Trustees are to be considered confidential and private records of the Trust Fund and no information from such records, lists or data shall be divulged by the Trustees unless unanimously authorized by the Trustees.

-17-

(u) Construe the provision of this Agreement and the Plan and the terms used herein, and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, the Association and the Employees and their beneficiaries.

(v) The Trustees are hereby empowered to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary to accomplish the general objectives of maintaining the Trust Fund and Plan solely in the interests of the Employees and their eligible dependents for the exclusive purpose of providing benefits to Employees and their eligible dependents, and defraying reasonable expenses of administering the Trust Fund and to do all acts which may be necessary to comply with any of the requirements of ERISA or any other applicable federal or state law.

Section 4.2  Administrative Manager.  The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Administrative Manager", who shall, under the direction of the Trustees or under the direction of any appropriate committee of the Trustees, administer the office or offices of the Fund and of the Trustees, coordinate and administer the accounting, bookkeeping and clerical services, prepare (in cooperation, where appropriate, with the Fund's legal counsel, consultant, and/or auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Fund in accordance with law, assist in the collection of contributions required to be paid to the Fund by Employers, and perform such other duties and furnish such other services as may be assigned, delegated, or directed or as may be contracted by or on behalf of the Trustees.  If appointed, the Administrative Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and Fund.

Section 4.3  Investment Manager.  The Trustees shall have exclusive authority and discretion to manage and control the assets of the Fund in accordance with this Agreement and applicable law, except to the extent that such authority to manage, acquire or dispose of the assets of the Fund is delegated to one or more investment managers.  Therefore, the Trustees are hereby empowered to appoint an investment manager or managers to manage, acquire, invest and reinvest or dispose of any assets of the Fund pursuant to Section 402(c) of ERISA.  Such an investment manager may or may not be designated a "Corporate Trustee" or "Corporate Agent".  An "Investment Manager" is any fiduciary who has been designated by the Trustees to manage, acquire or dispose of any assets of the Fund; and who (1) is registered as an investment advisor under the Investment Advisors Act of 1940, (2) is a bank as defined in

-18-

that Act, or (3) is an insurance company qualified to perform services under the laws of more than one state; and who has acknowledged in writing that he is a fiduciary with respect to the Fund. Any such appointment may be terminated by the Trustees no later than upon thirty (30) days written notice. The fees and expenses of such investment manager shall be paid out of the Fund.

In the event the Trustees appoint an Investment Manager or Managers as aforesaid, the Trustees shall be relieved of their fiduciary responsibilities with regard to the assets under the control of the Investment Manager or Managers, to the fullest extent permitted by law.

Section 4.4  Compensation.  The Trustees shall act in such capacity without compensation, but they shall be entitled to reminbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limiation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees or attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.  However, a Trustee or Trustees may be compensated from the Trust Fund if specifically designated by the Board of Trustees to perform work of an administrative nature for the Trust Fund and Plan.

Section 4.5  Limitation of Liability.  The Trustees are hereby empowered to do all acts, whether or not expressly authorized herein, which the Trustees may deem necessary to accomplish the general objectives of maintaining the Fund and Plan solely in the interests of the Employees and their eligible dependents for the exclusive purpose of providing benefits to Employees and their eligible dependents, and defraying reasonable expenses of administering the Fund.

Section 4.6  Personal Liability and Costs of Defense.  To the extent permitted by law, the Trustees and each individual Trustee shall not be liable for any error of judgment or for any loss arising out of any act or omission in the execution of their duties so long as they act in good faith and without gross negligence; nor shall any Trustee, in the absence of his own willful misconduct, or bad faith, be personally liable for the acts or omissions (whether performed at the request of the Trustees or not) of any Trustee, or of any agent, accountant, or attorney selected or appointed by or acting for the Trustees.

Furthermore, to the extent permitted by law, the costs and expenses of any legal actions brought by and/or against the Trustees or any of them (including counsel fees) shall be paid by the Fund, except matters as to which it shall be adjudged in such action that the Trustees' misconduct was willful or in bad faith.

Section 4.7  Reliance on Genuineness of Instruments and Advise of Experts.  The Trustees, to the extent permitted by law, shall be fully protected in acting upon any instrument, certificate, or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statement therein contained.

To the extent permitted by law, the Trustees shall be fully protected with respect to any action taken or suffered by them in good faith reliance upon the advise of such consultant, attorney, accountant or actuary and all action so taken or suffered shall be conclusive upon each of them and upon all participants of the Fund.

Section 4.8  Books of Account.  The Trustees shall keep true and accurate books of account and records of all their transaction and meeting, which shall be audited annually, or more often at the discretion of the Trustees, by an independent certified public accountant selected by the Trustees.  The Trustees, or such persons as they may properly designate, shall be responsible for maintaining records sufficient to comply with all requirements of ERISA and for the filing of all reports with the Labor Department and the Treasury Department which may be required under ERISA or the regulations issued thereunder, including the Plan description reports specified by Section 101(b) of ERISA.  A copy of each audit report shall, upon request, be furnished both to the Employer and the Union and shall be available for inspection by interested persons at the principal office of the Trustees.

Section 4.9  Execution of Documents and Withdrawal of Funds.  The Trustees may authorize an Employer Trustee and a Union Trustee or any joint group equally composed of Employer and Union Trustees to jointly execute any notice or other instrument in writing, and all persons, partnerships, corporations, or associations may rely thereon that such notice or instrument has been

-20-

duly authorized and is binding on the Fund and the Trustees.

All money received by the Trustees hereunder shall be deposited by them in such bank or banks as the Trustees may designate for that purpose, and all withdrawals of money from such account or accounts shall be made only by checks signed by the Trustees authorized in writing by the Trustees to sign such checks. No check shall be valid unless signed by two persons of whom one shall be an Employer Trustee and one a Union Trustee.

Section 4.10 Reciprocal Agreements. Trustees shall have the power to enter into reciprocal agreements with other Funds covering Employees of other Local Unions who are members of the same International or National Organization as the Union, so as to provide coverage for eligible Employees of both Funds, upon such terms and conditions as shall be established by the Trustees. To the extent that the Trustees shall enter into such reciprocal agreements with other Local Unions, the Trustees are authorized and empowered to transfer and exchange with the Trustees or Corporate Trustees of such reciprocating Funds money or credits for Employees not members of the Union or domiciled in the geographical jurisdiction of the Union for whom contributions were made by Employers; and to receive and accept money or credit from other reciprocating funds for Employees who are members of the Union and/or are domiciled in the geographical jurisdiction of the Union for whom contributions were made in reciprocating Funds.

Section 4.11 Additional Parties. The Trustees are authorized to extend the coverage of this Agreement to such other Employers and Employees as such Trustees shall agree upon provided such Employers and Employees are required to conform to the terms and conditions of the Trust and contributions are made to the Trust Fund in accordance with Collective Bargaining Agreements between the Employer and the Union.

Section 4.12 Merger. The Trustees shall have the power to merge other Trust Funds into this Trust Fund when such merger will strenthen and benefit the Trust Fund and in no way adversely affect the actuarial soundness of the Fund. The Trustees shall also have the power to merge this Trust Fund into other Trust Funds when such a merger will strenthen and benefit the purposes of the Fund.

Section 4.13 Prudent Man. All actions taken by the Trustees in

accordance with this Agreement shall be taken with care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aim; in accordance with the documents and instruments are consistent with the law; and in accordance with the Act and Code.

ARTICLE V

CONTRIBUTIONS

Section 5.1  Rate of Contributions.  In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by its collective bargaining agreement entered into with the Union or by such other documents as provided in Article I, Section 1.2(c).  The rate of contribution shall at all times be governed by the aforesaid collective bargaining agreement or by such other documents as provided in Article I, Section 1.2(c) then in force and effect, together with any amendments, supplements or modifications thereto.  The Employer contributions constitute an absolute obligation to the Trust Fund and such obligation shall not be subject to set off or counterclaim which an Employer may have for any liability of the Union or an Employee.

Section 5.2  Contributions by the Union.  The Union may contribute to the Trust Fund on behalf of its full-time employees at a rate to be determined by the Trustees.  For the purposes of computing the amount to be paid on behalf of each Union Employee paid on a salary basis, such salaried Employee shall be deemed to have worked 40 hours in each week that such Employee received his full salary.  The Union shall contribute to the Trust Fund on behalf of its Employees receiving an hourly rate at the current rate of contributions as specified in that Union's local bargaining agreement.

Section 5.3  Contributions by Employees.  The Trustees shall, at their discretion, determine the rate, time and mode of payment to be made by Employees who are eligible under Section 7.3

Section 5.4  Time of Payment and Default.  All Employer's contributions shall be paid in accordance with applicable collective bargaining agreements on account of hours worked by Employees during the preceding calendar month.  Any payments not made in accordance with the applicable collective bargaining agreement when due shall automatically incur a liquidated damage assessment of 10% of the amount then due.  Failure on the part of the Employer to make contributions as herein provided shall render said Employer subject to any one or more of the following provisions, at the discretion of the Trustees, in addition to the liabilities for contributions to the Fund, and for any and all other remedies available to the Trustees and/or Employees herein at law or equity as set forth hereinafter.

(a)  A proposed assessment may be levied against said Employer in

-23-

an amount estimated by the Trustees to be due under any one or more delinquent reports, plus 10% in addition thereto.  Notice of any such proposed assessment shall be delivered to said Employer by Mail.  The Employer shall file said overdue report or reports and make full payment of all obligations plus liquidated damages of 10% as above provided shown to be due thereon.  Any such assessment which shall become final and liquidated against any such Employer shall bear interest at the rate of 8% per annum.

(b)  An Employer may be required, upon due notice thereof, to make all required reports weekly rather than monthly if such is deemed necessary by the Trustees because of previous delinquency of said Employer in filing of said reports and making payments thereon.

Section 5.5  Audit of Employer Records.  The Trustees may establish a plan and program to audit the payroll records of each Employer at the Employe place of business whenever such examination is deemed necessary or desirable by the Trustees in connection with the proper administration of the Plan and Trust.  To effectuate such an audit program, the Trustees or any authorized agent or representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer obligate to contribute to the Trust Fund and to examine and copy such of the books, records, papers and reports of said Employer as may be necessary to determine whether said Employer is making full payment to the Trustees of the amount required by the Collective Bargaining Agreement with said Employer.  If an examination of the Employer's books, records, papers and reports reveals a delinquency or non-payment of contributions, the Employer, at the discretion of the Trustees, may be liable for expenses incurrec by the Trustees in performance of such examination.

Section 5.6  Employer Bond.  If any Employer at any one time should be delinquent as to the filing and payment of two (2) or more separate monthly reports as set forth in Section 5.5 above, the Trustees may, after due notice to said Employer, require said Employer to post a bond, with sureties to the satisfaction of the Trustees, in the minimum amount of Three Hundred ($300.00) Dollars to guarantee satisfactory future complaince with the terms of the Collective Bargaining Agreement as to contributions to the Trust Fund.  Failure of said Employer to post said bond within thirty (30) day after due notice

-24-

from said Trustees shall operate as a breach of the Collective Bargaining Agreement.

Section 5.7  Trustee Action to Enforce Payment.  The Trustees may take any action in the name of the Trust Fund, or in that of any assignee, necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

The Trustees may file claims in any bankruptcy, receivership, reorganization or creditor proceedings and take such action in connection therewith as may be necessary or desirable in order to prove and have allowed the claim of the Trust Fund for any past due contribution of an Employer.

The Trustees shall not be required to compel and enforce the payment of the contributions or to be personally or collectively responsible therefor if, in the opinion of the Trustees, the enforcement of the payments or contributions would involve an expense greater to the Trust Fund than the amount to be obtained from any effort to compel or enforce the payment of the contributions or payments.

Section 5.8  Reimbursement of Expenses to Enforce Payment.  Any expense to which the Trustees are put, other than normal administrative expenses to enforce collection and payment of contributions to the Trust Fund from any Employer shall be charged against the Employer and he shall be liable for the same, including reasonable attorney fees.  Any deadlock by the Trustees as to whether any such suit shall be filed shall not be subject to arbitration hereunder.

Section 5.9  Employer Reports.  The Trustees shall have the power to require any Employer to, and any Employer when so required shall, furnish to Trustees such information and reports as they may reasonably require for the performance of their duties under this Agreement.

Section 5.10  Refund of Contributions.  In no event shall any Employer directly or indirectly receive any refund on contributions made by them to the Trust (except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law).

Section 5.11 Employer Obligation.  The obligations assumed by the Employers hereunder shall be binding upon the Employers, their successors and assigns.  The Employer shall be obligated to advise any successor, purchaser or assign of the terms of this Trust.

-25-

ARTICLE VI

METHOD OF BECOMING A PARTY TO THE AGREEMENT

Section 6.1  Admission of Employers.  Each Employer becomes a party to this Agreement by virtue of making contributions to the Trust Fund in accordance with the Collective Bargaining Agreement then in force and effect entered into with the Union together with any amendments, supplements or modifications thereto.  The Association shall notify the Trustees of an individual Employer's Association membership.

Section 6.2  Admission of Individual Employees.  (a)  The Trustees may, but shall not be required to, allow participation as Covered Employees persons engaged in the plastering and/or cement masons trade in the following classifications:

(i)  Persons in such trade who are employed by an Employer who has a Collective Bargaining Agreement with the Bargaining Unit represented by the Union but who are not part of such Bargaining Unit inasmuch as they are salaried and supervisory employees of such employer.

(ii)  Persons who have been Covered Employees but cease to qualify because of being temporarily laid off by their Employer, provided they make timely contributions to the Fund.

(iii)  Persons who have been Covered Employees but cease to qualify because they have bona fide retired from regular work in the plastering and cement masons trade, provided they make timely contributions to the Fund.

(b)  The Trustees may adopt such eligibility requirements as they deem advisable with respect to the admission of Individual Employees in any one or more of the above classifications, including without limitation a require-ment that the Individual Employee must regularly work with the jurisdictional area of the Union, and a requirement that such Individual Employee must live within or not further than a specified distance outside such jurisdictional area, and requirements as to the method of collection of contributions of such Individual Employees.

(c)  Each person eligible to become an Individual Employee shall execute and deliver to the Trustees his application to become or to continue to be an Individual Employee under the Trust Fund and Plan.

-26-

Section 6.3  Withdrawal of Employers or Member Unions.  Any Employer, or any member Union of the Union as defined in Article I herein, may withdraw from this Agreement only whenever there is no Collective Bargaining Agreement requiring Employer contributions to the Trust Fund hereby created, or when said Employer shall cease to employ Employees within the jurisdiction established by its Collective Bargaining Agreement with the Union.  A Collective Bargaining Agreement may not be abrogated or modified between any Employer and any member Union so as to relieve Employer of the liability for contributions to this Fund. Withdrawal shall be effected by written notice filed with the Trustees.  Any such withdrawal shall take effect on the first day of the calendar month coincident with or following the filing of such notice with the Trustees, unless the first day of a later month shall be specified in such notice, in which event the withdrawal shall take effect on such later date.  Any such withdrawal shall not relieve the withdrawing Employer from contributing to the Trust Fund any unpaid contributions covering the premiums due for a period prior to the effective date of the withdrawal.  All Covered Employees employed by such withdrawing Employer shall cease to be Covered Employees hereunder on the effective date of such withdrawal except for such continuing benefits as the Trustees may designate.  The withdrawal of any one or more but less than all the Employers pursuant to this section shall not terminate this Trust.  Neither a withdrawing Employer nor the Employees of such withdrawing Employer shall be entitled to have allocated to or for the benefit of such Employees any portion of the Trust Fund.

Section 6.4  Withdrawal of Individual Employees.  An Individual Employee who joins the Plan in accordance with the provisions of Section 7.3 may withdraw from this Plan at any time by written notice to the Trustees.  If any such Employee is delinquent in payment of any contribution the Trustees, by written notice to him, may terminate his status as a party to this Agreement. Each such Individual Employee shall cease to be a Covered Employee hereunder on the effective date of such withdrawal or other termination of his participation except for such continuing benefits as may be contained in previously purchased Policies, or by means of continuing benefits in the event of self-insurance.

-27-

## ARTICLE VII

### HEALTH AND WELFARE PLAN

Section 7.1  Establishment and Acceptance of Welfare Plan.  The
Trustees agree to establish, adopt and continue a Welfare Plan for the payment
of the benefits as described in Article II, Section 2.1.  Such plan shall con-
form to the applicable sections of the Internal Revenue Code for purposes of
tax deduction and exemption, and the provisions of, and the purposes set forth
in this Agreement.

Section 7.2  Benefits.  The Trustees shall have full authority to
determine all questions of nature, amount and duration of benefits to be pro-
vided, but all benefits provided must always be within the current financial
limits of the Fund and, furthermore, must be consistent with a prudent funding
policy and method which the Trustees shall establish and at all times observe.
The Plan adopted by the Trustees shall not be amended to reduce or vary benefits
if such amendment would be prohibited under any provisions of ERISA or would
cause the Fund to fail to comply with any requirements of ERISA.

Section 7.3  Method of Providing Benefits.  The benefits shall be
provided and maintained by such means as the Trustees shall in their sole
discretion determine.

Section 7.4  Written Plan of Benefits.  The detailed basis on which
payment of benefits is to be made pursuant to this Agreement shall be specified
in writing.  All changes and modifications of benefits shall also be specified
in writing.

Section 7.5  Eligibility Requirements for Benefits.  The Trustees
shall establish a claims review procedure, and in the event of a disagreement
between the Trustees and an Employee or other beneficiary over the payment of
a claim, the Trustees shall observe and be bound by the resolution of the
dispute under the established claims review procedure.

-28-

ARTICLE VIII

AMENDMENT

Section 8.1  Amendment.  This Agreement may be amended at any time to any extent by an agreement in writing executed by three-fourths (3/4) of the Trustees.  Upon execution of this instrument, this Agreement shall be deemed to have been amended in the manner therein provided, and the Union, Employers and all Employees shall be bound thereby; provided, however, that no amendment:

(a)  Shall divert or provide for the use of the Trust Fund for any otherpurposes than those Specified in Article II;

(b)  Shall increase the duties or the liabilities of the Trustees without their written consent;

(c)  Shall have any retroactive effect so as to deprive any Covered Employee of any benefit already accrued;

(d)  Shall vest in any Employer or the Union any interest or control over the Policies held by the Trustees or any property in the Trust Fund;

(e)  Shall permit any Covered Employee or otherEmployee to receive any cash payments from the Trust Fund or any interest in the Trust Fund or in any Policy other than the benefits to which he is entitled under the terms of such policy;

(f)  Eliminate the requirement of an annual audit;

(g)  Permit the return or refund of payments from the Fund to any Employer except as otherwise provided in this Agreement;

(h)  Shall provide that the Trust Fund be administered other than by an equal number of Association and Union Trustees; or

(i)  Shall be inconsistent with the provision of any Collective Bargaining Agreement.

Section 8.2  Retroactivity of Amendment.  Any amendment to this Agreement may be made retroactive if necessary to obtain or maintain the qualification of the Plan and this Trust under appropriate provisions of the Code and regulations issued thereunder so that the income of the Trust Fund may be exempt from taxation.

Section 8.3  Notification of Amendment.  Whenever an amendment is adopted in accordance with this Article, a copy thereof shall be distributed to all Trustees, and the Trustees shall so notify all necessary parties and

-29-

shall execute any instrument or instruments necessary in connection there-
with.

ARTICLE IX

TERMINATION OF TRUST

**Section 9.1 By the Trustees.** This Agreement may be terminated by an instrument in writing executed by all the Trustees when there is no longer in force and effect a Collective Bargaining Agreement between any Employer and the Union requiring contributions to the Fund or in the event the Trust Fund shall be in the opinion of the Trustees, inadequate to carry out the intent and purpose of this Agreement, or to meet the payments due or to become due under this Agreement to persons already drawing benefits.

**Section 9.2 By the Parties.** This Agreement may be terminated by a instrument in writing duly executed by the Union and by the Association.

**Section 9.3 Termination.** Upon termination of this Agreement:

(a) The Trustees shall, insofar as the Trust Fund is sufficient therefor:

(1) First pay the unpaid expenses and the expenses involved in terminating the trust; and, insofar as there are funds still remaining,

(2) Pay premiums on Policies existing at such time to provide one or more of the benefits authorized by this Agreement as the Trustees determine

(3) In the event the Fund is self-insured, to provide one or more of the benefits authorized by this Agreement as the Trustees determine.

(b) The Employees shall continue to receive such benefits as may be provided in the Policies then in force, and in such additional or substitute Policies as the Trustees are able to secure by use of the assets then in the Trust Fund. In the event of self-insurance, the Employees shall continue to receive such benefits as the Trustees in their discretion are able to secure by use of the assets then in the Trust Fund.

(c) If at any time there are insufficient funds in the Trust Fund to pay premiums on such Policies or provide benefits in the event of self-insurance, the Trustees shall transfer such balance to such charitable organization or organizations as they may select.

(d) Under no circumstances shall any portion of the corpus or income of the Fund, directly or indirectly, revert or accrue to the benefit of any Employer or the Union.

-31-

<u>Section 9.4  Notification of Termination</u>.  Upon termination of the Fund in accordance with this Article, the Trustees shall forthwith notify all interested and necessary persons, and the Trustees shall continue as Trustees for the purpose of winding up the affairs of the Trust.

## ARTICLE X

### MISCELLANEOUS

Section 10.1 Assignment of Benefits. No employee shall have the right to assign any benefits which he or his eligible dependent is entitled, except that a covered employee may assign to an accredited hospital any hospital benefits, or to any licensed physician engaged in the practice of medicine any medical or surgical benefits to which said employee is entitled for services rendered by said hospital or physician. Other than as provided herein, no money, property, equity or interest of any nature whatsoever in the Trust Fund, group annuity or other contracts, or any benefits or moneys payable therefrom shall be subject to sale, transfer, assignment, encumbrance or other anticipation, nor to seizure or sale under any legal, equitable or other process, and in the event that any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said beneficiary, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process, or in any suit or proceeding become payable, or be liable to become payable to any person other than the beneficiary for whom the same is intended, as provided herein, and in any plan established hereunder, the Trustees shall have power to withhold payment of such claim or benefit to such beneficiary until such assignment, transfer, encumbrance anticipation or other disposition, writ or legal process is cancelled or withdrawn, and the Trustees shall have the right to use and apply the benefit as the Trustees may deem best, directly for the support and maintenance of such beneficiary.

Section 10.2 Vested Rights. No Employee or any person claiming by or through such Employee including his family, eligible dependents, beneficiary and/or legal representative, shall have any right, title or interest in or to the Fund or any assets of the Fund or any part thereof except as may be required by ERISA, be specifically determined by the Trustees, or specifically provided in the Plan.

Section 10.3 Certificate of Trustees' Actions. The Chairman and Secretary-Treasurer of the Trustees may execute any certificate or document jointly on behalf of the Trustees and such execution shall be deemed execution by all the Trustees. All persons having dealings with the Fund or with the Trustees shall be fully protected in reliance placed on such duly executed document. -33-

Section 10.4  Severability.  Should any provision in this Agreement or Plan or rules and regulations adopted thereunder or in any Collective Bargaining Agreement be deemed or held to be unlawful or invalid for any reason, such fact shall not adversely affect the provision herein and therein contained unless such illegality shall make impossible or impractical the Trust Fund and the Plan, and in such case the appropriate parties shall immediately adopt a new provision to take the place of the illegal or invalid provision.

Section 10.5  Titles.  The title heading to the various sections and articles are for the purpose of convenience only and shall not have any legal significance apart from the text.

Section 10.6  Notice.  Each signatory of this Agreement shall deposit with the Trustees a written designation of address to which all notices required or permitted may be mailed.  Notice given to a Trustee, Union, Employer or any other person, unless otherwise specified herein, shall be sufficient if in writing and delivered to or sent by postage prepaid, first class mail or prepaid telegram to the latest address filed with the Trustees.  Except as herein otherwise provided, the delivery of any statement or document required hereunder to be made to a Trustee, Union, Employer or any other person shall be sufficient if delivered to or sent by postage prepaid, first class mail or prepaid telegram to the latest address filed with the Trustees.

Section 10.7  Compliance with Ohio Law.  Any Policy secured by the Trustees hereunder shall comply with the statutes of Ohio applicable thereto.

Section 10.8  Law Governing.  This Agreement shall be goverened by and construed in accordance with the laws of the State of Ohio.

Section 10.9  Insurance Company.  No Insurance Company which may issue any Policy to the Trustees pursuant to this Agreement shall be required to take or permit any action contrary to the provisions of such Policy, or be bound to allow any benefit or privilege to any person interested in any policy it has issued which is not provided in such policy, or be deemed to be a party to this Agreement for any purpose, or be responsible for the validity of this Agreement, or be required to look into the terms of this Agreement or question any act of the Trustees hereunder, or be required to see that any action of the Trustees is authorized by this Agreement.  Any Insurance Company shall be fully protected in taking or permitting any action on the faith of any instru-ment executed by the Trustees, or in their names as Trustees by any Trustee or

-34-

Employee of the Trustees authorized to sign on their behalf and shall incur liability for so doing.

## ARTICLE XI

### EXECUTION OF AGREEMENT AND DECLARATION OF TRUST

Section 11.1 Counterparts. This Agreement may be executed in any number of counterparts. The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

Section 11.2 Written Instrument. An Employer may adopt and become a party to this Agreement by executing a counterpart hereof or by executing any other written instrument wherein he agrees to participate in the Fund pursuant to the terms of this Agreement.

We, the undersigned, having been designated to serve as the Union and Employer Trustees to the foregoing Amended and Restated Agreement and Declaration of Trust effective January 1, 1976, hereby accept appointment as Trustees and we do hereby agree to abide by and be bound by all the terms and conditions as set forth in said Agreement and agree to administer the Trust Fund in accordance therewith.

UNION TRUSTEES:                          EMPLOYER TRUSTEES:

AMENDMENT
TO THE
OHIO CONFERENCE OF PLASTERERS & CEMENT MASONS
HEALTH & WELFARE FUND .

WHEREAS, Article VIII, Section 8.1, provides that the Amended and Restated Agree-
ment and Declaration of Trust may be amended at any time to any extent by an agreement
in writing executed by a majority of the Trustees serving at that time; and

WHEREAS, Section 515 of the Internal Revenue Code provides that a Court shall award
payment of unpaid contributions, interest on unpaid contributions, liquidated damages,
reasonable attorney fees, court costs or equitable relief in the event a fiduciary, on
behalf of the Plan, seeks to enforce judgment in favor of the Plan; and

WHEREAS, the legislative history supporting said Section 515 suggests that a Plan
seeking enforcement of a judgment for those items set forth in the preceding paragraph
must have language within said Plan permitting the Court to award liquidated damages,
attorney fees, court costs or equitable relief; and

WHEREAS, the Trustees desire to amend the Plan to permit a Court to award the
..onies representing the amounts set forth in the paragraph above;

NOW, THEREFORE, Article V, Section 5.7, shall be amended to read in its entirety
as follows effective the ___1st__ day of ___October_____, 19_80_:

Section 5.7  Trustee Action to Enforce Payment.  The Trustees may take
any action in the name of the Trust Fund, or in that of any assignee,
necessary to enforce payment of the contributions due hereunder, includ-
ing, but not limited to, proceedings at law and in equity.  In the
event an action is filed by the Fund for the collection of unpaid contri-
butions due and owing to the Fund, a court shall award the payment of
liquidated damages, attorney fees, court costs, audit fees and such other
legal and equitable relief in favor of said Fund as the court deems
appropriate.

The Trustees may file claims in any bankruptcy, receivership, reorganiza-
tion or creditor proceedings and take such action in connection therewith
as may be necessary or desirable in order to prove and have allowed the
claim of the Trust Fund for any past due contribution of an Employer.

The Trustees shall not be required to compel and enforce the payment of the
contributions or to be personally or collectively responsible therefor if,

-2-

in the opinion of the Trustees, the enforcement of the payments or contributions would involve an expense greater to the Trust Fund than the amount to be obtained from any effort to compel or enforce the payment of the contributions or payments.

IN WITNESS WHEREOF, the Employer Trustees and the Union Trustees have set their

hands this ___28th___ day of ___January___, 19 81 .

EMPLOYER TRUSTEES:                                    UNION TRUSTEES:

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

AMENDMENT NO. _2_

## TO THE AMENDED AND RESTATED AGREEMENT AND DECLARATION OF TRUST OF THE OHIO CONFERENCE OF PLASTERERS & CEMENT MASONS HEALTH & WELFARE FUND
### (as amended and restated January 1, 1976)

WHEREAS, Article VIII, Section 8.1, provides that the Amended and Restated Agreement and Declaration of Trust of January 1, 1976 may be amended at any time to any extent by an agreement in writing executed by three-fourths (¾) of the Trustees serving at that time; and

WHEREAS, the Trustees desire to amend that Amended and Restated Agreement and Declaration of Trust to redefine the definition of "TRUST FUND" or "HEALTH AND WELFARE FUND";

NOW, THEREFORE, Article I, Section 1.2(h) shall be amended to read in its entirety as follows effective the 1st day of June, 2009:

(h)     "TRUST FUND" or "HEALTH AND WELFARE FUND"

shall mean the Ohio Conference of Plasterers and Cement Masons

Health & Welfare Fund and the entire assets thereof, such assets to

include but not be limited to all funds and amounts contributed or

received or due to be contributed or received to or by the Trustees

in the form of employer contributions (including delinquent

employer contributions) together with such additional sums as the

Trustees receive as dividends, interest, refunds, recoveries, and

other sums payable on policies held by the Trustees either paid or

due to be paid to the Trustees or left by the Trustees with an

insurance company, all investments of trust assets made by the

2

Trustees and income thereon, the policies from time to time held by the Trustees, and any other money or property received by the Trustees in connection with the administration of this Agreement.

IN WITNESS WHEREOF, the Employer Trustees and the Union Trustees have set their hands this _8th_ day of June, 2009.

EMPLOYER TRUSTEES:                    UNION TRUSTEES: