# AMENDED AGREEMENT AND DECLARATION OF TRUST

## OHIO LOCAL NO. 1
## OPERATIVE PLASTERERS' AND CEMENT MASONS'
## PENSION FUND

TABLE OF CONTENTS

ARTICLE I . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . 1
        SECTION 1    ACT . . . . . . . . . . . . . . . . . . . 1
        SECTION 2    AGREEMENT AND DECLARATION OF TRUST . 1
        SECTION 3    ASSOCIATION . . . . . . . . . . . . . 1
        SECTION 4    BENEFICIARY . . . . . . . . . . . . . 1
        SECTION 5    CODE . . . . . . . . . . . . . . . . . 1
        SECTION 6    COLLECTIVE BARGAINING AGREEMENT . . 1
        SECTION 7    CORPORATE TRUSTEE . . . . . . . . . 1
        SECTION 8    EMPLOYEES . . . . . . . . . . . . . . 1
        SECTION 9    EMPLOYER . . . . . . . . . . . . . . . 1
        SECTION 10   EMPLOYER CONTRIBUTIONS . . . . . . . 2
        SECTION 11   INSURANCE COMPANY . . . . . . . . . 2
        SECTION 12   INVESTMENT MANAGER . . . . . . . . . 2
        SECTION 13   MISCELLANY . . . . . . . . . . . . . 2
        SECTION 14   PENSION PLAN . . . . . . . . . . . . 3
        SECTION 15   POLICY . . . . . . . . . . . . . . . 3
        SECTION 16   TRUSTEE . . . . . . . . . . . . . . . 3
        SECTION 17   TRUST FUND . . . . . . . . . . . . . 3
        SECTION 18   UNION . . . . . . . . . . . . . . . . 3

ARTICLE II . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    CREATION AND PURPOSES OF THE FUND . . . . . . . . . . . . 4
        SECTION 1    CREATION OF TRUST . . . . . . . . . 4
        SECTION 2    EMPLOYER CONTRIBUTIONS TO FUND . . . 4
        SECTION 3    NON-PAYMENT . . . . . . . . . . . . . 4
        SECTION 4    POWER TO COLLECT . . . . . . . . . . 4
        SECTION 5    EMPLOYER REPORTS . . . . . . . . . . 5
        SECTION 6    RIGHT OF ACCESS . . . . . . . . . . 5
        SECTION 7    CLAIM BY BENEFICIARY . . . . . . . . 5
        SECTION 8    PURPOSE . . . . . . . . . . . . . . . 5
        SECTION 9    INSURANCE POLICIES . . . . . . . . . 6

ARTICLE III . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        THE TRUSTEES:  DESIGNATION AND ORGANIZATION . . . . 7
        SECTION 1    NUMBER OF TRUSTEES . . . . . . . . . 7
        SECTION 2    DESIGNATION OF TRUSTEES . . . . . . 7
        SECTION 3    SUCCESSOR TRUSTEES . . . . . . . . . 7
        SECTION 4    VACANCIES . . . . . . . . . . . . . . 8
        SECTION 5    OFFICERS . . . . . . . . . . . . . . 8
        SECTION 6    MEETINGS . . . . . . . . . . . . . . 8
        SECTION 7    ACTION WITHOUT MEETING . . . . . . . 8
        SECTION 8    QUORUM, VOTING AND DEADLOCK . . . . 9
        SECTION 9    ACCEPTANCE OF TRUST . . . . . . . . 10
        SECTION 10   PRINCIPAL OFFICE . . . . . . . . . . 10
        SECTION 11   NON-LIABILITY FOR PRUDENT CONDUCT . 10
        SECTION 12   REMOVAL OF UNLAWFUL TRUSTEE . . . . 10

ARTICLE IV . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

POWERS, DUTIES AND APPLICATION OF TRUST FUND . . . . . . 11
     SECTION 1      OBLIGATIONS . . . . . . . . . . . . . 11
     SECTION 2      DEPOSIT OF TRUST FUNDS . . . . . . . 11
     SECTION 3      BONDING . . . . . . . . . . . . . . 11
     SECTION 4      TRUST    AND    TRUSTEE    LIABIlITY
                         INSURANCE . . . . . . . . . . . . . 11
     SECTION 5      TRUST FUND . . . . . . . . . . . . . 11
     SECTION 6      APPLICATION OF TRUST FUND . . . . . 12
     SECTION 7      ADOPTION OF PENSION PLAN . . . . . . 13
     SECTION 8      ADDITIONAL TRUSTEE AUTHORITY . . . . 13
     SECTION 9      APPOINTMENT OF INVESTMENT MANAGER . 16
     SECTION 10     ALLOCATION    AND    DELEGATION   OF
                         FIDUCIARY RESPONSIBILITY . . . . . . 17
     SECTION 11     ADMINISTRATIVE MANAGER . . . . . . . 17
     SECTION 12     ENGAGEMENT    OF    PROFESSIONAL
                         ADVISORS . . . . . . . . . . . . . . 17
     SECTION 13     TRUSTEE COMPENSATION . . . . . . . . 17
     SECTION 14     EXECUTION OF DOCUMENTS . . . . . . . 17
     SECTION 15     BOOKS OF ACCOUNT . . . . . . . . . . 18
     SECTION 16     CORPORATE TRUSTEE . . . . . . . . . 18
     SECTION 17     ENFORCEMENT OF OBLIGATIONS . . . . . 18
     SECTION 18     LIMITS OF TRUSTEE RESPONSIBILITY . . 18
     SECTION 19     EXECUTION OF CHECKS . . . . . . . . 19
     SECTION 20     THIRD PARTY DEALINGS . . . . . . . . 19
     SECTION 21     RECIPROCAL AGREEMENTS . . . . . . . 19
     SECTION 22     FINANCIAL REPORTS . . . . . . . . . 20
     SECTION 23     AUDIT PROGRAM . . . . . . . . . . . 20
     SECTION 24     OTHER EMPLOYERS AND MERGER . . . . . 20
     SECTION 25     CLAIMS AND APPEALS . . . . . . . . . 20
     SECTION 26     INSURANCE POLICIES . . . . . . . . . 21
     SECTION 27     NON-ENGAGEMENT IN BUSINESS . . . . . 22
     SECTION 28     EDUCATIONAL ORGANIZATIONS . . . . . 22
     SECTION 29     PRUDENCE IN PERFORMANCE OF DUTIES . 22

ARTICLE V . . . . . . . . . . . . . . . . . . . . . . . . . 23
  AUDITS AND REPORTS . . . . . . . . . . . . . . . . . . . 23
     SECTION 1      MAINTENANCE OF RECORDS . . . . . . . 23
     SECTION 2      ANNUAL AUDIT . . . . . . . . . . . . 23
     SECTION 3      DISCLOSURE BY EMPLOYERS . . . . . . 23

ARTICLE VI . . . . . . . . . . . . . . . . . . . . . . . . 24
  EFFECTIVE DATES AND TERMINATION OF TRUST AND FUND . . . 24
     SECTION 1      EFFECTIVE DATE . . . . . . . . . . . 24
     SECTION 2      TERMINATION AND DISTRIBUTION . . . . 24
     SECTION 3      ALTERNATE DISTRIBUTION . . . . . . . 24
     SECTION 4      PRE-CONDITIONS TO DISTRIBUTION . . . 24

ARTICLE VII . . . . . . . . . . . . . . . . . . . . . . . . 25
  AMENDMENTS . . . . . . . . . . . . . . . . . . . . . . . 25
     SECTION 1      AMENDMENT . . . . . . . . . . . . . 25
     SECTION 2      TAX CONSEQUENCE . . . . . . . . . . 25
     SECTION 3      RETROACTIVE AMENDMENT . . . . . . . 25

ii

ARTICLE VIII . . . . . . . . . . . . . . . . . . . . . . 26
   CONSTRUCTION . . . . . . . . . . . . . . . . . . . . 26
      SECTION 1    GOVERNING LAW . . . . . . . . . . . 26
      SECTION 2    EMPLOYEE RIGHTS . . . . . . . . . 26
      SECTION 3    VALIDITY OF DOCUMENTS . . . . . . . 26
      SECTION 4    EFFECT OF ILLEGALITY . . . . . . . 26
      SECTION 5    TRUSTEE STATUS . . . . . . . . . . 26
      SECTION 6    NOTICES . . . . . . . . . . . . . 27
      SECTION 7    JUDICIAL CONSTRUCTION . . . . . . 27
      SECTION 8    EXTENT OF TRUSTEE LIABILITY . . . . 27
      SECTION 9    ENGAGEMENT OF COUNSEL . . . . . . 27
      SECTION 10   NON-REVERSION TO EMPLOYERS . . . . 27
      SECTION 11   TITLES . . . . . . . . . . . . . . 28
      SECTION 12   EXECUTION . . . . . . . . . . . . 28
      SECTION 13   SEVERABILITY . . . . . . . . . . . 28

### AMENDED AGREEMENT AND DECLARATION OF TRUST
### OHIO LOCAL NO. 1 OPERATIVE PLASTERERS' AND CEMENT MASONS'
### PENSION FUND

THIS AMENDED AGREEMENT AND DECLARATION OF TRUST, entered into as of the 1st day of May, 1991 by and among; the persons designated by the union to serve as Trustees hereunder, hereinafter referred to as the "Union Trustees"; and the persons designated by the Employers to serve as Trustees hereunder, hereinafter referred to as the "Employer Trustees."

**WITNESSETH:**

WHEREAS, on the 28th day of July 1971 the Union and the Association executed an Agreement and Declaration of Trust establishing a Trust Fund for the sole and exclusive benefit of the Employees of Employers, and providing for the selection of the Trustees to hold and administer said Trust Fund and to be known as Ohio Local No. 1 Operative Plasterers' and Cement Masons; and

WHEREAS, Article VIII of said Agreement and Declaration of Trust provided that said Agreement could be amended from time to time by the unanimous vote of all by the Trustees; and

WHEREAS, said Agreement and Declaration of Trust has heretofore been amended; and

WHEREAS, the parties hereto, having determined that it would be in the best interests of the Employees and the Trust Fund to do so, desire to amend said Agreement and Declaration of Trust by restatement, including the incorporation of all of the amendments heretofore adopted, but without altering the stated purposes thereof; and

WHEREAS, to effectuate the aforesaid purpose it is desired to restate and maintain the Trust Fund to conform to the applicable requirements of the Labor-Management Relations Act of 1947 as amended, the rules and regulations issued thereunder, to qualify as an exempt Trust pursuant to the Internal Revenue Code and the regulations issued thereunder, and to conform to the requirements of the Employee Retirement Income Security Act of 1974 and the regulations issued thereunder; and

WHEREAS, the Employer Trustees and the Union Trustees who have subscribed to this Amended Agreement and Declaration of Trust have separately and jointly agreed that this Amended Agreement and Declaration of Trust shall comprehend the rights and duties of the Association, the Union and the Trustees with respect to the administration and operation of the pension Trust Fund herein created.

NOW, THEREFORE, in consideration of the premises and in order to restate and provide for the maintenance of the aforesaid Trust Fund, known as the Ohio Local No. 1 Operative Plasterers' and Cement Masons' Pension Fund, hereinafter referred to as the "Trust Fund," with the following duties and powers and for the following uses, purposes and trusts, it is mutually understood and agreed as follows:

# ARTICLE I

## DEFINITIONS

**SECTION 1 ACT** The term "Act" as used herein shall mean the Employee Retirement Income Security Act of 1974, as originally enacted or thereafter amended.

**SECTION 2 AGREEMENT AND DECLARATION OF TRUST** The term "Agreement and Declaration of Trust" as used herein shall mean this Agreement and Declaration of Trust as the same may from time to time be amended as hereinafter provided.

**SECTION 3 ASSOCIATION** The term "Association" shall mean the Central Ohio Division, Associated General Contractors of America, Inc.

**SECTION 4 BENEFICIARY** The term "Beneficiary" shall mean a person designated by an Employee or by the terms of the Pension Plan created pursuant to this Agreement, who is or may become entitled to receive a benefit.

**SECTION 5 CODE** The term "Code" as used herein shall mean the Internal Revenue Code of 1986 as originally enacted or thereafter amended.

**SECTION 6 COLLECTIVE BARGAINING AGREEMENT** The term "Collective Bargaining Agreement" as used herein shall mean any Collective Bargaining Agreement existing between the Employer and the Union which provides for contributions into this Trust Fund as well as any extension or extensions, renewal or renewals of any such Collective Bargaining Agreement or any new Collective Bargaining Agreement which provides for contributions into this Trust Fund.

**SECTION 7 CORPORATE TRUSTEE** The term "Corporate Trustee" shall mean such bank, trust company or other financial institution as may be designated by the Trustees to hold the property of the Trust Fund.

**SECTION 8 EMPLOYEES** The term "Employees" as used herein shall mean and include members of a Collective Bargaining Unit represented by the Union who are eligible to participate in and receive the benefits of the Pension Plan and Trust in accordance with this Agreement. In addition, the term "Employees" shall mean and include full-time, regular employees of the Union and the Trustees. The term "Employees" shall not include partners or self-employed persons, no matter how designated; and any such persons are hereby expressly excluded from the pension benefits to be provided hereunder.

**SECTION 9 EMPLOYER** The term "Employer" as used herein shall mean:

1

(a) Any individual, firm, association, partnership or corporation who is a member of the Association and/or is represented in collective bargaining with the Association and who is bound by the Collective Bargaining Agreement with said union and in accordance therewith agrees to participate in and contribute to the Trust Fund herein created and provided for. Any employer who contributes to the Trust Fund created hereunder shall, by the act of contributing, become a party to this Agreement whether or not any such contributing Employer has signed this Agreement or a counterpart thereof.

(b) Any individual, firm, association, partnership or corporation who is not a member of nor represented in collective bargaining by the Association, but who has duly executed and/or is bound by the Collective Bargaining Agreement with said Union and in accordance therewith agrees to participate in and contribute to the Trust Fund herein created and provided for. Any employer who contributes to the Trust Fund created hereunder shall, by the act of contributing, become a party to this Agreement whether or not any such contributing Employer has signed this Agreement or a counterpart thereof.

(c) The Union to the extent, and solely to the extent, that it acts in the capacity of an Employer of its Employees on whose behalf it makes contributions to the Trust Fund in accordance with the Collective Bargaining Agreement.

(d) The Trustees to the extent that they act in the capacity of an Employer of their Employees on whose behalf they make contributions to the Trust Fund in accordance with the Collective Bargaining Agreement.

(e) The Employers as defined herein shall, by the making of payments to the Trust Fund pursuant to the Collective Bargaining Agreement, be conclusively deemed to have accepted and be bound by this Agreement and Declaration of Trust.

**SECTION 10      EMPLOYER CONTRIBUTIONS**  The term "Employer Contributions" as used herein shall mean payments made to the Trust Fund by an Employer.

**SECTION 11      INSURANCE COMPANY**  The term "Insurance Company" shall mean such insurance company or companies, or any combination thereof, selected as a medium for funding the Pension Plan.

**SECTION 12      INVESTMENT MANAGER**  The term "Investment Manager" means a fiduciary, other than a trustee or named fiduciary, who meets the requirements of Section 3(38) of the Act.

**SECTION 13      MISCELLANY**  The use herein of the masculine shall include feminine where applicable, and the use of the singular shall include the plural where applicable. The words "and" and

2

"or" are employed in the conjunctive and disjunctive sense respectively except where a contrary intention clearly appears from the context. The words "hereby," "herein,""hereof," and "hereunder" and any compounds thereof shall be construed as referring to this pension Plan and Trust generally and not merely to the particular articles, sections and paragraphs in which they appear unless otherwise required by the context.

**SECTION 14     PENSION PLAN**    The term "Pension Plan" as used herein shall mean the plan, program, methods and procedures for the payment of benefits from the Trust Fund (directly or indirectly) by the Trustees in accordance with such eligibility requirements as the Trustees may from time to time adopt and promulgate.

**SECTION 15     POLICY**    The term "policy" or "policies" as used herein shall mean the policy or policies of insurance or certificates of coverage and participation therein issued pursuant to this Agreement and Declaration of Trust and accepted by the Trustees as part of the Trust Fund and all other policies of insurance accepted by the Trustees as part of such Trust Fund. They shall be deemed to include any amendments or riders attached to such policy or policies, provided, however, that the Trustees, in their sole and absolute discretion, may self-fund any portion or all of the benefits to be provided hereunder.

**SECTION 16     TRUSTEE**    The term "Trustee" as used herein shall mean any natural person designated as a Trustee pursuant to Article III, Section 1 or Article III, Section 3 of this Amended Agreement and Declaration of Trust or his successor or successors. The Trustees, collectively, shall be the "Administrator" as the term is used in the Act.

**SECTION 17     TRUST FUND**    The terms "Trust Fund," "Trust" or "Fund" as used herein shall mean the Ohio Local No. 1 Operative Plasterers' and Cement Masons' Pension Fund and the entire assets thereof, including all funds received by the Trustees in the form of Employer contributions, together with all contracts (including dividends, interest, refunds, and other sums payable to the Trust Fund on account of such contracts), all investments made and held by the Trustees, all income, increments, earnings and profits therefrom, and any and all other property or funds received and held by the Trustees under this Amended Agreement and Declaration of Trust.

**SECTION 18     UNION**    The term "Union" as used herein shall mean Operative Plasterers' and Cement Masons' International Association, Local Union No. 1 , OP & CMIA.

## ARTICLE II

### CREATION AND PURPOSES OF THE FUND

**SECTION 1 CREATION OF TRUST** The Trust and Fund are created, established and maintained, and the Trustees agree to receive, hold and administer the Trust Fund for the purpose of providing pension benefits to Employees or their beneficiaries who are eligible to receive such payments in accordance with the Plan. The Fund shall not be used for any welfare benefits. it is intended that this Trust Fund and the Plan be a multi-employer plan as that term is defined in Section 3(37) of the Act.

**SECTION 2 EMPLOYER CONTRIBUTIONS TO FUND** Each Employer shall contribute and pay into the Fund the amount specified in accordance with the applicable Collective Bargaining Agreement entered into with the union. The Employer contributions constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set off or counterclaim which an Employer may have for any liability of the Union or of an Employee. The contributions shall be paid to Trustees or such other depository as the Trustees shall designate only by check, bank draft, money order or other negotiable, recognized written method of transmitting money. The contributions shall be submitted together with forms prepared and approved by Trustees and shall be made periodically at such times as the Trustees shall specify by Rules and Regulations or as may be provided in applicable Collective Bargaining Agreement. In no event shall any Employer directly or indirectly receive any refund on contributions made by them to the Trust (except in case of a bona fide erroneous payment or overpayment of contributions, to the extent permitted by law) nor shall an Employer directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund. Upon payment of contributions to the Trustees, all responsibilities of the Employer for each contribution shall cease, and the Employer shall have no responsibilities for the acts of the Trustees, nor shall an Employer be obliged to see to the application of any funds or property of the Trust or to see that the terms of the Trust have been complied with.

**SECTION 3 NON-PAYMENT** No Employer shall be responsible for the contributions or other obligations of any other Employer. The non-payment by an Employer shall not relieve any other Employer or Employers from his or their obligations to make payment.

**SECTION 4 POWER TO COLLECT** The Trustees shall have the power to demand, collect and receive Employers' contributions to the Trust Fund, including the right to commence legal proceedings in the name of the Trust Fund, or in that of any assignee, in a court of competent jurisdiction to collect the amount of said unpaid contributions, including interest thereon and all costs incurred in

4

effecting said collection, including reasonable attorneys fees. Trustees are hereby given the power to add to the remittance of any Employer a reasonable late charge, to be fixed by the Rules and Regulations promulgated by them as hereinafter provided, or as may be provided in the applicable Collective Bargaining Agreement, for failure to make prompt payments to the Trust Fund as provided for herein and in the Collective Bargaining Agreement, and are hereby given the power to collect such charge when assessed in the same manner as they are given power to collect the contributions. Failure by an Employer to pay the amounts due from him hereunder to the Trust Fund shall be deemed a breach of this Agreement by the Employer and of the underlying Collective Bargaining Agreement. The union shall, on behalf of the Trust Fund, have the right to enforce the collection thereof against the Employer in the same manner as wages directly due from him to his Employees.

**SECTION 5 EMPLOYER REPORTS**   The Trustees shall have the power to require any Employer to, and any Employer when so required shall, furnish to Trustees such information and reports as they may reasonably require for the performance of their duties under this Agreement.

**SECTION 6 RIGHT OF ACCESS**   The Trustees or any authorized agent or representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer obligated to contribute to the Trust Fund and to examine and copy such of the books, records, papers and reports of said Employer as may be necessary to determine whether said Employer is making full payment to the Trustees of the amount required by the Collective Bargaining Agreement with said Employer.

**SECTION 7 CLAIM BY BENEFICIARY**   An Employee or beneficiary thereof whose claim for any benefit provided for him under and in accordance with this Agreement and/or the Plan is rejected shall have no recourse against the Trust Fund, the Trustees, the Union, the Association, or the Employers or any officers or agents or members of any of them. Provided, however, said Employee or beneficiary shall have the right of appeal in accordance with the Appeals procedure established by the Trustees.

**SECTION 8 PURPOSE**   The Trust Fund is and shall constitute an irrevocable trust created pursuant to the provisions of Section 302(c) of the Labor-Management Relations Act of 1947 as amended for the benefit of the Employees and to provide pension benefit payments for employees who meet the qualifications as to age, length of service with contributing employers, length of payment by the Employer of contributions, and such other provisions, limitations and conditions as may be established by the Trustees under the authority granted to the Trustees.

It is the intention of all parties that the benefits are limited to those which can be financed from the proceeds of the

5

Trust Fund. The benefits to be provided shall be determined by the Trustees and based upon actuarial methods and assumptions which, in the aggregate, are reasonable and which take into account the experience of the plan and its reasonable expectations. The actuarial assumptions which form the basis of the Trustees' decision on benefits shall be certified by the enrolled actuary as the best estimate of the anticipated experience of the Plan. It is expressly understood and agreed that there is no liability upon the Union, any Employer or the Trustees for the furnishing of any specific type or amount of pension benefits, except as otherwise expressly provided in any Collective Bargaining Agreement.

**SECTION 9 INSURANCE POLICIES** The Trustees may apply for and accept as a part of the Trust Fund the policies issued to them in their names as Trustees and may also accept as part of the Trust Fund any other policy of insurance issued for such purposes.

## ARTICLE III

### THE TRUSTEES: DESIGNATION AND ORGANIZATION

**SECTION 1 NUMBER OF TRUSTEES** The Trust Fund shall be administered by a Board of Trustees consisting of six (6) Trustees, three (3) of whom shall be designated "Employer Trustees" and shall be appointed by the Association, and three (3) of whom shall be designated as the "Union Trustees" and shall be appointed by the Union. Each Trustee shall serve as such until he shall die, become incapable of acting hereunder, resign or be removed as herein provided. The Trustees shall serve without compensation, but they shall be reimbursed for all reasonable and necessary expenses properly and actually incurred by them in connection with the performance of their official duties as Trustees, including but not limited to reimbursement for lost wages while attending Trustee meetings or other meetings for and on behalf of the Trust Fund. The Association may appoint one (1) alternate Trustee who shall act for the Association in the absence of an Employer Trustee, and the Union may appoint one (1) alternate Trustee who shall act for the Union in the absence of a Union Trustee. Any alternate Trustee shall be subject to all terms of this Trust Agreement.

**SECTION 2 DESIGNATION OF TRUSTEES** The Union may terminate the designation of any Union Trustee by mailing or delivering to the said Trustee and to each of the remaining Trustees a true copy of the appropriate action taken by the Union terminating such designation.

Any Employer Trustee may be removed by the Association. In terminating the designation of any such Employer Trustee, the same shall be done by mailing or delivering to the person to be removed, as well as to all of the remaining Trustees, a copy of the termination of designation.

Any Trustee may resign by instrument in writing executed for that purpose and mailed or delivered to each of the remaining Trustees, the Association and the Union, not less than seven (7) days prior to the intended effective date thereof.

**SECTION 3 SUCCESSOR TRUSTEES** In the event of death, resignation, removal or inability to act of any such Trustee, the vacancy thereby created shall be filled by appointment from the membership of the group whose representation on the Board has been affected. As soon as any Trustee appointed to fill a vacancy has accepted this Trust, he shall, without further act, become vested with all the estate, rights, powers, discretion and duties of his predecessor Trustee with like effect as if originally designated as Trustee herein, and the Trust Fund shall vest in the new Trustee or Trustees, together with the continuing Trustees, without any further act or conveyance. No successor Trustee shall be liable or

7

responsible for any acts or defaults of any co-Trustee or predecessor Trustee or for any loss or expense resulting from or occasioned by anything done or omitted to be done in the administration of the Trust Fund prior to his becoming a Trustee, nor shall such successor Trustee be required to inquire into or take any notice of the prior administration of the Trust Fund. A vacancy on the Board of Trustees shall be filled within fifteen (15) days from date of its occurrence. Any retiring Trustee shall forthwith turn over to the remaining Trustees at the office of the Trust Fund all records, books, documents, monies and other property in his possession owned by the Trustees or incident to the fulfillment of this Agreement and Declaration of Trust and administration of this Trust Fund.

**SECTION 4 VACANCIES** No vacancy or vacancies on the Board of Trustees shall impair the power of the remaining Trustees, acting in the manner provided by the Agreement, to administer the affairs of the Trust Fund, notwithstanding the existence of such vacancy or vacancies.

**SECTION 5 OFFICERS** The Union Trustees shall select one of their number who shall serve as co-chairman and the Employer Trustees shall select one of their numbers who shall serve as co-chairman. The term of office of the co-chairmen shall be for one year, or until their successors shall have been duly elected although incumbent of either office may be re-elected. Each co-chairman shall have the option to preside at alternate meetings of the Trustees.

**SECTION 6 MEETINGS** The Trustees shall hold meetings frequently enough to discharge their responsibilities, but in any event, the Trustees shall hold at least four (4) regular meetings in each calendar year. The dates of such meetings shall be fixed by the Co-chairman and in the event of the inability or refusal of one to act, then by the remaining Co-chairman. Special meetings may be called by either or both of the Co-chairmen. Notice of meetings shall be given to all Trustees at lease seventy-two (72) hours prior to the time for convening the meeting, in person or in writing; provided, however, that meetings of the Trustees may also be held at any time without the required prior notice if all Trustees consent thereto. All meetings of the Trustees shall be attended only by the Trustees and those other persons designated or invited by the Trustees to attend and shall not be open to the public. Written minutes shall be kept on all business transactions and all matters on which voting occurred. Copies of the minutes shall be distributed to all Trustees and acted upon at the next meeting of the Trustees.

**SECTION 7 ACTION WITHOUT MEETING** Action by the Trustees may be taken by them in writing without a meeting; provided, however, that in such cases there shall be unanimous written consent and occurrence by all of the Trustees.

8

**SECTION 8 QUORUM, VOTING AND DEADLOCK**   To constitute a quorum for the transaction of business, the presence of at least four (4) Trustees is required, at least two (2) of whom shall be Employer Trustees, and two (2) of whom shall be Union Trustees.   At all meetings of the Trustees, Employer Trustees present shall have, in the aggregate, a total of three (3) votes and the Union Trustees present shall have, in the aggregate, a total of three (3) votes. In the event there are only four (4) Trustees present (two Employer and two Union) and in the further event either the two Union Trustees or the two Employer Trustees cannot agree on how to cast the absent Trustees vote, then such matter being voted on shall be postponed until all the Trustees are present at a meeting.   So long as any vacancy exists on the Board of Trustees, the number of Trustees necessary to constitute a quorum shall be reduced by the number of existing vacancies.

In the event the Trustees deadlock on the administration of the Trust the Trustees shall promptly seek to reduce to writing a joint submission of the issues and also a joint submission of the relevant facts.   If the Trustees cannot agree upon said joint submission, then the Employer and Union Trustees shall separately prepare in writing their respective statements covering issues and facts, and each shall serve a copy upon the other.

The Trustees shall thereafter make all reasonable efforts to resolve the deadlock as described in the joint or the separate submission.   If they cannot resolve the deadlock, they shall attempt to choose an impartial umpire to resolve the deadlock for them.   In the event of the inability of the Trustees to agree upon the selection of the impartial arbiter, then on the petition of the Trustees, the Federal Mediation and Conciliation Service shall be empowered to make such an appointment.

The impartial umpire shall have no power to add to, subtract from, or modify any of the terms of this Agreement and Declaration of Trust.   If a quorum shall be lacking at two successive meetings, the matters to be considered at such meetings shall be considered deadlocked.   The fees and expenses of such impartial umpire and all expenses of any hearing or investigation he may deem necessary, including fees for any general or special legal counsel retained by the Board of Trustees, shall be borne by the Trust Fund.   if the Union or Union Trustees, or if the Association or the Employer Trustees, desire to retain legal counsel to represent them and their interests, each shall bear the expense of their respective separate special counsel.

The umpire may not make any decision or finding of fact which would change or alter in any manner any provision of this Trust or which would change the tax free status of this Trust.

No matter in connection with the interpretation or enforcement of any Collective Bargaining Agreement shall be subject to

9

arbitration under this Article except the provisions relating to this Trust Fund.

**SECTION 9 ACCEPTANCE OF TRUST** Each Trustee serving as such shall execute a written Acceptance of Trust in a form satisfactory to the Trustees and in conformity with the Act, and thereby he shall be deemed to have accepted the Trust created, established and maintained by this Agreement and Declaration of Trust; to have consented to act as a Trustee; and to have agreed to administer the Trust Fund as provided herein.

**SECTION 10      PRINCIPAL OFFICE**      The principal office of the Trust Fund shall be located in the City of Columbus, County of Franklin and State of Ohio, until otherwise agreed to by the Trustees.    The location of the Fund office shall be made known to all interested persons.   The Trustees shall maintain at such office or at such other places as may be required by the Act all books, records, documents and instruments pertaining to the Trust Fund and its administration.

**SECTION 11      NON-LIABILITY FOR PRUDENT CONDUCT**   Trustees   shall not be liable for the acts or omissions of any Investment Manager, actuary, consultant, attorney, agent or assistant employed by them in pursuance of this Agreement and Declaration of Trust if such Investment Manager, actuary, consultant, attorney, agent or assistant was selected pursuant to this Trust Agreement and such person's performance was periodically reviewed by the Trustees who found such performance to be satisfactory; provided that nothing herein shall relieve any Corporate Trustee of any liability with regard to the performance of its employees.

**SECTION 12      REMOVAL OF UNLAWFUL TRUSTEE**    The Board of Trustees shall initiate action to cause the removal of any fellow Trustee who may be serving as a Trustee in violation of the Act.    The vacancy or vacancies caused by such removal shall be filled in accordance with Section 3 of this Article III.

10

## ARTICLE IV

### POWERS, DUTIES AND APPLICATION OF TRUST FUND

**SECTION 1 OBLIGATIONS**    The Trustees and their successors declare that they will receive, hold and administer the contributions herein provided for and any other money or property which may be entrusted to them as Trustees hereunder with the powers and duties and for the use, purposes and trusts herein named and for none other.

**SECTION 2 DEPOSIT OF TRUST FUNDS**    The Trustees shall deposit all monies received by them in such bank or banks as they may select for the purpose or directly with the Corporate Trustee.    All withdrawals of monies from such bank or banks shall be made only by Trust Fund check or voucher signed by the person or persons authorized by Trustees to sign and countersign.  The Trustees shall establish Procedures for the wire or electronic transfer of Trust Funds.

**SECTION 3 BONDING**    The Trustees shall provide bonds for every fiduciary and every Administrator, Officer, Employee and Trustee of the Trust fund who handles money or other property of the Trust Fund, the cost of which bonds shall be paid from the Trust Fund. The bonds may be individual, schedule or blanket in form and shall have a corporate surety company which holds a grant of authority from the Secretary of the Treasury as acceptable on Federal bonds as surety thereon.  The amount of the bonds shall not be less than ten (10%) percent of the funds handled by such Trustees and/or employees during the preceding year and shall at all times be in full compliance with the bonding provisions of the Act.

**SECTION 4 TRUST AND TRUSTEE LIABILITY INSURANCE**    The Trustees may in their discretion obtain and maintain policies of insurance, to the extent permitted by law, to insure themselves, the Trust Fund as such, as well as employees or agents of the Trustees and of the Trust Fund, while engaged in business and related activities for and on behalf of the Trust Fund with respect to liability to others as a result of acts, errors or omissions of such Trustee or Trustees, employees or agents, respectively, provided such insurance policy shall provide recourse by the insurer against Trustees as may be required by law and with respect to injuries received or property damage suffered by them.  The cost of the premiums for such policies of insurance (except for any premiums for non-recourse endorsements) shall be paid out of the Trust Fund.

**SECTION 5 TRUST FUND**    (a)  Title to all of the monies paid into the Trust Fund and all of the property of the Trust Fund shall be vested in and remain exclusively in the Trustees and neither the Employers, the Union nor any Employee or beneficiary under the benefits plan shall have any right, title or interest in any of the monies or property of the Trust Fund.    The Trust Fund shall

11

constitute an irrevocable trust for the sole and exclusive benefit of Employees entitled to benefits under this Agreement and Declaration of Trust. No benefits, monies or property of this Trust Fund shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance or charge and any attempt to do so shall be void.

(b)  The Employer contributions to be paid into the Trust Fund shall not constitute or be deemed wages due to the Employees, and such contributions shall not in any manner be liable for nor subject to the debts, contracts or liabilities of the Employers, the Union or the Employees.

(c)  No Employee shall have the right to receive any part of the contributions in lieu of benefits, nor to assign his benefits, nor to receive a cash consideration in lieu of such benefits, either upon termination of this trust or upon his withdrawal through severance of employment or otherwise.

(d)  No money, property, equity or interest of any nature whatsoever in the Trust Fund or in any benefits or monies payable therefrom shall be subject in any manner by any Employee, retired Employee or beneficiary or person claiming through any of them, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, lien or charge, and any attempt to cause the same to be subject thereto shall be null and void.

(e)  It is the intention of the parties hereto that this Agreement and Declaration of Trust shall not disqualify contributions due from an Employer from being a priority claim in the event of bankruptcy of any such Employer.

(f)  Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used for or directed to purposes other than for the exclusive benefit of Employees, retired or terminated Employees, or their beneficiaries, or for the purpose set out in Section 1 of Article II of this Agreement and Declaration of Trust.

**SECTION 6 APPLICATION OF TRUST FUND**    Any and all funds received by the Trustees in the form of contributions, income, dividends on policies of insurance, interest on bonds or bank deposits, gain or yield on stocks or bonds or otherwise, shall be received by them as part of the Trust Fund to be administered and disposed of for the following purposes:

(a)  To pay or provide for the payment of all reasonable and necessary expenses in connection with collecting Employer contributions and administering affairs of the Pension Plan and Trust including, but without limitation, all expenses which may be incurred in connection with the establishment of the Pension Plan

12

and Trust Fund, the providing of fidelity bonds and errors and omissions insurance for the Trust; the employment of administrative, legal, accounting, actuarial, expert and clerical assistance; the expenses in connection with the attendance at educational programs, including but not limited to registration, travel, daily expenses and lost wages; the leasing of such premises and the lease or purchase of such materials, supplies and equipment as the Trustees, in their discretion, find necessary and appropriate in the performance of their duties, excepting, however, that no part of the Trust Fund shall be used for the personal expenses or compensation of Trustees, except for reimbursement of the reasonable and necessary expenses actually and properly incurred under specific authority granted by resolution of Trustees.

(b)  To pay or provide for the payment of all premiums on the policy or policies of insurance which may be procured and to carry out the purposes of the Pension Plan and Trust Fund when such premiums shall become due; or to pay for such Plan benefits as are self-insured by the Trust Fund and paid directly from the Trust Fund.

(c)  To pay or provide for the payment of all real and personal property taxes, income taxes and other taxes or assessments of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, the Pension Plan, or any money or property forming a part thereof.

(d)  To establish and accumulate as part of the Trust Fund such reasonable reserves as the Trustees shall determine advisable to carry out the purposes of the Pension Plan, including but not limited to reserves left with the insurance company or companies pursuant to the terms and conditions agreed upon between the Trustees and the insurance company or companies.

**SECTION 7 ADOPTION OF PENSION PLAN** The Trustees shall, at their initial meeting or at the earliest practicable date that may by them thereafter be agreed upon, adopt a written Pension Plan, subject to changes or modifications by the Trustees, in their discretion.  All changes or modifications shall be set forth in writing and shall be communicated to all participants and beneficiaries as required by law.

**SECTION 8 ADDITIONAL TRUSTEE AUTHORITY** Subject to the stated purposes of the Trust Fund and the provisions of this Agreement and Declaration of Trust and subject to the terms and conditions of any policy or policies of insurance obtained as herein provided, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing and arranging for benefits and all other related matters.  They shall have full power to construe the provisions in this Agreement and Declaration of Trust and the terms used herein.  Any such

13

determination and any such construction adopted by the Trustees in good faith shall be binding upon all of the parties hereto and the beneficiaries hereof. The Trustees shall be free to use their own judgment and discretion in all things pertaining to the affairs of the Trust Fund and shall not be personally liable for any action done or omitted to be done when acting in good faith and in the exercise of their best judgment, and the fact that such action or omission, based upon advice of counsel employed by the Trustees, shall be conclusive evidence of such good faith and best judgment. No matter respecting the foregoing or any difference arising thereunder or any matter involved in this Agreement and Declaration of Trust shall be subject to the grievance procedure established in any Collective Bargaining Agreement between any contributing Employer and the Union.

Without limiting the generality of the foregoing, the Trustees, in their administration of the Trust Fund for the stated purposes thereof and consistent with the provisions of this Agreement and Declaration of Trust, shall have the power and authority to:

(a) Require contributions to the Trust Fund by the Employers in accordance with the applicable Collective Bargaining Agreements and the provisions contained herein.

(b) Administer the Trust Fund and Pension Plan by either (i) employing the suitable personnel, leasing office space, purchasing necessary equipment and supplies, and actively assuming the clerical administration thereof, or (ii) retaining, on a contract basis, a responsible firm or individual to perform the required administrative services.

(c) make such uniform rules and regulations as are consistent with and necessary for effectuating the provisions of this Agreement and Declaration of Trust, including but not being limited to the following:

(i) To prescribe rules and procedures governing the application for benefits by Employees and Beneficiaries, and an appeals claims procedure for appeals by parties aggrieved by the action of any said application.

(ii) Subject to the provisions of any applicable policy or policies of insurance, to make determinations which may be made final and binding upon all parties as to the rights of any Employee or any Beneficiary to benefits, including any rights any individual may have to request a hearing with respect to any such determination.

(iii) To obtain and evaluate all statistical data which may be reasonably required with respect to the administration of the Pension Plan.

14

(iv)   To make such other rules and regulations as may be necessary for the administration of the Pension Plan which are not inconsistent with the purposes of this Agreement and Declaration of Trust.

(d) Invest and reinvest any funds in stocks, both common and preferred, bonds, notes, debentures, mortgages, equipment lease certificates, open-end type investment companies, & real estate investment trusts, common trust funds, certificates of deposit, banker's acceptances, obligations of the United States Government, its agencies and authorities, or of any state or local governmental authority or agency, or in other prime trust investments meeting the requirements of Ohio Revised Code Section 2109.37 as amended providing for investments by Trustees and which are legal investments under applicable Federal and State law relating to the investment of employee benefit plans and which they, in their sole and absolute discretion, consider may not be required for current expenditures and may sell or otherwise dispose of any such investments at any time and from time to time. The Trustees shall not be required to register or hold any real or personal property, investments, or instruments or certificates representing the same, including without limiting the generality of the foregoing, bonds or other securities in their names individually or as Trustees, or other securities in their names individually or as Trustees, but may register, hold or retain such property, investments, instruments and certificates in the name of any individual, partnership, or corporation as their nominee or may keep them unregistered and may retain them or any part thereof in such condition that title or ownership may pass by delivery.

(i)   Notwithstanding any other provisions of this trust, assets of this trust may be invested in any collective investment fund maintained exclusively for the investment of assets of exempt, qualified employee benefit trusts. The assets so invested shall be subject to all the provisions of the instrument establishing such collective investment fund, as it may be amended from time to time. The instrument creating such collective investment fund, as amended from time to time, is hereby incorporated and make a part of this trust.

(e)   Enter into agreements, contracts and other instruments for the deposit of funds with banks, trust companies or other institutions which accept and hold monies on deposit, and authorize such depository to act as custodian of the funds, whether in cash or securities or other property.

(f)  Construe the provisions of this Agreement and Declaration of Trust and the Pension Plan and the terms used herein and any construction adopted by the Trustees in good faith shall be binding upon the Employers and the Employees and their Beneficiaries.

15

(g)   In addition to such other powers as are set forth herein or conferred by law:

(i)   To sell, exchange, lease, convey or dispose of any property at any time forming a part of the Trust Fund or the whole thereof upon such terms as they may deem proper and to effect and deliver any and all instruments of conveyance and transfer in connection therewith.

(ii)  To enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust Fund and the Pension Plan and such contracts, agreements, and acts shall be binding and conclusive on the Employers and Employees and their beneficiaries.

(iii) Do all acts whether or not expressly authorized herein which the Trustees, in their sole discretion, deem necessary, advisable or proper of the protection of the Trust Fund held hereunder, and their judgment shall be final.

(iv)  To borrow money upon such terms and conditions at such time or times and for such powers consistent with the purposes of this Trust Agreement as they may deem necessary and desirable and in the best interests of the participants in the Pension Plan and their beneficiaries.   For all sums so borrowed, the Trustees may issue their promissory notes as Trustees and secure the payment thereof by pledging all or any portion of Trust assets.

(h)   Administer the Trust Fund and Pension Plan in conformity with this Agreement and Declaration of Trust as from time to time amended and in conformity with all applicable laws.

SECTION 9 APPOINTMENT OF INVESTMENT MANAGER  The  Trustees  shall have the power and authority to appoint one or more Investment Managers who shall be responsible for the management, acquisition, disposition, investing and re-investing of such of the assets of the Trust Fund as Trustees shall specify. Any such appointment may be terminated by the Trustees upon thirty (30) days written notice. The fees of such investment Manager and its expenses to the extent permitted by law shall be paid out of the Trust Fund.    In connection  with  any  allocation  or  delegation  of  investment functions hereunder, the Trustees shall, from time to time, adopt appropriate  investment   policies  or  guidelines  and  a  funding policy.  In the event the Trustees appoint an Investment Manager or Managers  as  aforesaid,  Trustees  shall  be  relieved  of  their fiduciary responsibilities with regard to the assets under the control of the Investment Manager or Managers, to the fullest extent permitted by law.

16

**SECTION 10      ALLOCATION    AND    DELEGATION    OF    FIDUCIARY RESPONSIBILITY** The Trustees may, by resolution or by-law or by provisions of this Agreement and Declaration of Trust, allocate fiduciary responsibilities and various administrative duties to committees or committees of the Trustees, and they may delegate such responsibilities and duties to other individuals as they may deem appropriate or necessary in their sole discretion and consistent with the Act.  Provided, however, the power to allocate fiduciary responsibility shall not apply to the allocation of the responsibility to manage the assets of the Trust Fund,  other than the power to appoint an Investment Manager or Corporate Trustee as herein provided.

**SECTION 11      ADMINISTRATIVE MANAGER**   The Trustees may employ or contract for the services of an individual, firm or corporation, to be  known  as  "Administrative  Manager,"  who  shall,  under  the direction of the Trustees or under the direction of an appropriate committee of the Trustees, administer the office or offices of the Trust Fund and of the Trustees,  coordinate and administer the accounting,  bookkeeping and clerical services,  provide for the coordination of actuarial services furnished by the consulting actuary,  prepare  (in  cooperation  where  appropriate  with  the consulting actuary and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the  Trust  in accordance  with law,  assist in the collection of contributions required to be paid to the Trust Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees.  The Administrative Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

**SECTION 12      ENGAGEMENT OF PROFESSIONAL ADVISORS**     The Trustees shall engage one or more independent qualified public accountants and one or more enrolled actuaries to perform all services as the Trustees may deem necessary.

**SECTION 13      TRUSTEE COMPENSATION**     The Trustees shall act in such capacity without compensation, but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the  Trustees  or  its  committees  or  while  on  business  of  the Trustees,  attendance  at  institutes,  seminars,  conferences  or workshops for or on behalf of the Trust Fund.

**SECTION 14 EXECUTION OF DOCUMENTS**  All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint, in writing or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

17

**SECTION 15 BOOKS OF ACCOUNT**    The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of Trustees), which records and books shall be audited at least annually by a certified public accountant.  A copy of each audit report shall be furnished both to the Association and the Union and shall be available for inspection by interested persons at the principal office of the Trustees and the respective offices of the Union and the Association.

**SECTION 16    CORPORATE TRUSTEE**    The Trustees shall have the right, if they shall determine it to be in the best interest of the Trust Fund,  to appoint a bank or trust company or other financial institution as Corporate Trustee and to enter into and execute a contract with said Corporate Trustee for the proper management of the Trust Fund.  Upon the execution of such contract, the Trustees shall convey and transfer the Trust Fund to the Corporate Trustee and authorize the Corporate Trustee to exercise any of the powers set forth herein, consistent with terms and conditions of this Agreement and Declaration of Trust.  All of the powers and duties herein provided for the Trustees in connection with the management of the Trust Fund may be delegated in hold or in part to said Corporate Trustee.  In the event the Trustees appoint a Corporate Trustee or Trustees as aforesaid, the Trustees shall be relieved of their fiduciary responsibilities with regard to the assets under the control of the Corporate Trustee or Trustees, to the fullest extent permitted by law.

**SECTION 17    ENFORCEMENT OF OBLIGATIONS**    The Trustees shall have the right to enforce the performance of all obligations herein and to institute proceedings of any nature whatsoever to enforce the same in the name of the Fund.

**SECTION 18    LIMITS OF TRUSTEE RESPONSIBILITY**    To the extent permitted by law, no Trustee acting hereunder shall be liable for any action taken or omitted by him in good faith, nor for the acts or omissions of any insurance carrier or of any agent, employee or attorney selected by the Trustee with reasonable care nor for acts or omissions of any other Trustees; nor shall any Trustee be individually or personally liable for any of the obligations of the Trustees acting as such or of the Trust fund.  Neither the Association nor the Union shall be liable in any respect for any of the obligations of such Trustee even where such Trustee may be an officer of or associated in some way with the Association or the Union.

Neither the Association nor the Union shall be liable for the failure of the Trustees to secure the benefits contemplated herein or in the Pension Plan for any Employee or Beneficiary or for any default or neglect of the Trustees.  The obligation of Employers shall be limited solely to payment of contributions required under the provisions of applicable Collective Bargaining Agreements.

The Trustees, to the extent permitted by applicable law, shall incur no liability in acting upon any instrument, application, notice, request, signed letter, telegram or other paper or document believed by them to be genuine and to contain a true statement of facts and to be signed by the proper person.

Any Trustee, to the extent permitted by applicable law, may rely upon any instrument in writing purporting to have been signed by a majority of the Trustees as conclusive evidence of the fact that a majority of the Trustees have taken the action stated to have been taken in such instrument.

**SECTION 19      EXECUTION OF CHECKS** Any instrument in writing must be signed by a majority of the Trustees or by the co-chairmen with the exception that all checks drawn on the Trust Fund shall be signed by both of the co-chairmen or such other person or persons duly authorized by the Trustees to so sign.   Any person dealing with the Trustees may rely on any instruments so executed as having been duly authorized and executed.

**SECTION 20      THIRD PARTY DEALINGS      No** party dealing with the Trustees in relation to the Trust Fund shall be obliged to see to the application of any money or property of the Trust Fund, or to see that the terms of this Agreement and Declaration of Trust have been complied with, or be obliged to inquire into the necessity or expediency of any action of the Trustees and every instrument executed by the Trustee shall be conclusive in favor of every person relying thereon:

(a)  That at the time of the delivery of said instrument, the Trust Fund hereby created was in full force and effect.

(b)  That said instrument was executed in accordance with the terms and conditions contained in this Agreement and Declaration of Trust.

(c)  That the Trustees were duly authorize and empowered to execute such instrument.

The receipt given by the Trustees for any monies or other properties received by them shall effectually discharge the person or persons paying or transferring the same and such person or persons shall not be bound to see to the application or be answerable for the loss or misapplication thereof.

**SECTION 21      RECIPROCAL AGREEMENTS      The** Trustees shall have the power to enter into reciprocal agreements with other Pension Funds covering Employees of other Local Unions who are members of the same international or national organization as the Union so as to provide coverage for eligible Employees of both Funds, upon such terms and conditions as shall be established by the Trustees.   To the extent that the Trustees shall enter into such reciprocal agreements with other Local Unions, the Trustees are authorized and

19

empowered to transfer and exchange with the Trustees or Corporate Trustees of such reciprocating Funds money or credits for employees not members of the Union or domiciled in the geographical jurisdiction of the Union for whom contributions were made by Employers; and to receive and accept money or credit from other reciprocity funds for Employees who are members of the Union and/or are domiciled in the geographical jurisdiction of the Union for whom contributions were made in reciprocating Funds

**SECTION 22    FINANCIAL REPORTS**   The Trustees shall have copies of the Pension Plan, the Agreement and Declaration of Trust, and the latest financial report available for examination by any Participant or Beneficiary during normal business hours in the principal office of the Plan.  On written request, the Trustees will mail or deliver to a Participant or Beneficiary a copy of the Plan description and a summary of the latest annual report.   The Trustees shall file with the Department of Labor and/or the Internal Revenue Service an annual report and shall, in all manner and respect, comply with the requirements of the Act.

**SECTION 23    AUDIT PROGRAM**  The Trustees may establish a plan and program to audit the payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or desirable by the Trustees in connection with the proper administration of the Plan and Trust.  The audit shall be conducted at a reasonable time during the Employer's business hours.   The Trustees may, by rules and regulations duly promulgated, provide the detailed items and conditions for conduction the audit and for assessing the cost thereof to the Employer if the audit reveals a material underpayment by the Employer.

**SECTION 24    OTHER EMPLOYERS AND MERGER**   The   Trustees   are authorized to extend the coverage of this Agreement and Declaration of Trust to such other Employers and Employees as such Trustees shall agree upon, provided such Employers and Employees are required to conform to the terms and conditions of the Trust.

The Trustees shall have the power to merge other Pension Plans when such merger will strengthen and benefit the Plan and in no way adversely affect the actuarial soundness of the Fund.

**SECTION 25    CLAIMS AND APPEALS**  In   any   controversy,   claim, demand, suit at law or other proceeding between any Employee, Beneficiary or any other person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Trustees, any instruments on file with the trustees, the Union or the Association, any facts which are of public record and any other evidence pertinent to the issue involved.

All questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with

20

the Trust Fund or the operation thereof, whether as to any claim for any benefits preferred by any Employee, Beneficiary or any other person, or whether as to the construction of the language or meaning of the by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees or, in the case of questions related to claims for benefits, to an appeals or review committee, if one has been appointed, and the decision of the Trustees or appeals or review committee shall be binding upon all persons dealing with the Trust Fund or claiming benefits thereunder.

The Trustees may, in their sole discretion, compromise or settle any claim or controversy in such manner as they think best, and any majority decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees shall be conclusive and binding on all parties interested in this Trust.

**SECTION 26    INSURANCE POLICIES** All policies of insurance purchased by the Trustees as specified in Article II, Section 9 above shall be of the type known as group insurance, the master policy to be issued in the name of the Trustees or of the Trust Fund, with individual certificates or booklets under such policies to be issued to each eligible Employee at his last known address.

The Trustees shall be empowered to agree with each insurance carrier upon provisions to be contained in each policy, rider, endorsement or amendment. All rights and privileges granted to the policyholder by a policy or allowed by insurance carrier shall be vested in the Trustees and they may take any action with respect to each policy or the insurance provided thereunder as may be permitted by the insurance carrier or by the terms of such policy.

The Trustees shall be authorized and empowered to make all determinations concerning the application of such policies to individual Employees entitled to benefits under this Agreement with respect to such matters as waiting periods, eligibility of Employees, and such other provisions as the Trustees may deem appropriate, including the specifying of members of Employees' families who might be made eligible for such benefits under such policy or policies entered into by the Trustees.

If the Trustees so agree with any insurance company or companies issuing a policies of insurance as herein provided, the Trustees or any person or persons designated by them, may pass upon the validity or claims for benefits under such policy or policies.

If at any time the Trust Fund shall not be sufficient to carry out the purposes of this Agreement and Declaration of Trust, the Trustee may take such action as may be necessary or advisable in

21

connection with the reduction of the then existing benefits in order that the cost of the benefits shall not be greater than that which, in the judgment of the Trustees, can or should be paid from the Trust Fund.

**SECTION 27    NON-ENGAGEMENT IN BUSINESS**    The Trustees shall not in any way engage in the business of insurance. No member of the Trustees shall be affiliated with any insurance company providing insurance benefits to the Trust Fund. No provision of this Agreement and Declaration of Trust shall be construed to the contrary. If is further understood and agreed that the insurance company or companies or successors shall not be considered a party to this Agreement and Declaration of Trust.

**SECTION 28    EDUCATIONAL ORGANIZATIONS**    The Trustees may obtain membership in the name of the Fund in one or more recognized organizations established for the education and training of the Trustees and Trust Fund personnel; may authorize one or more of the Trustees or Trust Fund employees to attend conferences, seminars and programs of such organization; and may authorize the payment or reimbursement by the Trust Fund of the reasonable expenses actually incurred in attending the said meetings of said organization. The Trustees may also authorize one or more of the Trustees and Trust Fund employees to attend industry conferences directed at and pertinent to the provision, management and administration of benefits and may authorize the payment or reimbursement of reasonable expenses actually incurred in connection with the attendance at said industry conferences.

**SECTION 29    PRUDENCE IN PERFORMANCE OF DUTIES**    All actions taken by the Trustees in accordance with this Agreement and Declaration of Trust shall be taken with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like characters and with like aim; in accordance with the documents and instruments governing the Plan, to the extent such documents and instruments are consistent with the law; and in accordance with Act and Code.

## ARTICLE V

### AUDITS AND REPORTS

**SECTION 1 MAINTENANCE OF RECORDS**   The Trustees shall keep true and accurate books of account and records of all their transactions as Trustees.

**SECTION 2 ANNUAL AUDIT**   An annual audit of the Trust Fund shall be made at the end of each fiscal year by independent qualified public accountants selected by the Trustees.   A report of said annual audit shall be made available for inspection by interested persons at the office of the Trust Fund and at such other place as may be designated by the Trustees.   More frequent audits may be made at the discretion of the Trustees.   The Trustees, within their discretion, shall, upon the request of the Association or Union (but not more often than quarterly), furnish reports representing the status of the Trust Fund,  the application of the contributions received and such other pertinent information regarding operation of the Trust Fund and the Pension Plan as they may deem desirable or advisable.  When the pension benefits have been determined and established and upon any substantial change in such benefits, the Trustees shall cause to be printed detailed information in connection with such change for distribution, either directly or by distribution of such change through the Association and the Union to the Employers and Employees concerned therewith.

**SECTION 3 DISCLOSURE BY EMPLOYERS**   The Employers shall furnish the Trustees upon request any and all information or records in their possession considered necessary by the Trustees in connection with the establishment and maintenance of the Pension Plan and the efficient administration of the  Trust Fund.  Without limiting the generality of the foregoing, the Employers shall promptly furnish to the Trustees on request any and all records concerning the classification of its Employees, their names, social security numbers, amounts of wages paid and shifts worked and any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund and the Pension Plan and for no other purpose.  The Employers shall also submit in writing to the Trustees such of the above data as may be requested by them, at such regular periodic intervals and on such forms as the Trustees may establish.

## ARTICLE VI

### EFFECTIVE DATES AND TERMINATION OF TRUST AND FUND

**SECTION 1 EFFECTIVE DATE** This Agreement and Declaration of Trust and the Trust fund created hereby shall become effective on the date specified in the Collective Bargaining Agreement providing for its establishment and shall continue until terminated as herein provided.

**SECTION 2 TERMINATION AND DISTRIBUTION** In the event that the obligation of all the Employers to make contributions shall terminate, the Trustees shall apply the Trust Fund to the purposes specified in Section 1, Article II hereof and none other and upon the disbursement of the entire Trust Fund this Trust shall terminate.

**SECTION 3 ALTERNATE DISTRIBUTION** In lieu of the distribution set forth in Section 2 hereof, upon the written request of the Union and approval of a majority of the Trustees, the Trustees shall, after all obligations of the Trust Fund have been set aside or actuarially secured, turn over any surplus monies and property in the Trust Fund to any future pension trust fund that may be created by and between the Union and Employers through Collective Bargaining Agreements.

**SECTION 4 PRE-CONDITIONS TO DISTRIBUTION** In the event the Plan and Trust are terminated in accordance with this Article VI, and prior to the distribution of any Trust Funds, the Trustees shall proceed as follows:

(a) The Trustees shall prepare and have prepared such documents as are required to obtain from the Internal Revenue Service a ruling regarding termination of this Plan and Trust. Until such ruling is received, no distributions shall be made.

(b) Upon receipt from the Internal Revenue Service of a ruling that:

This Plan has met the requirements of Section 401(a) of the Code; and

This Trust is exempt from taxation under Section 501(a) of the Code; and

The termination of the Plan will not adversely affect the prior qualification of the Plan nor the exempt status of the Trust;

then, the Trustee shall distribute the Trust Fund to those persons in such amounts and in such priority as is provided in the Pension Plan.

## ARTICLE VII
## AMENDMENTS

**SECTION 1 AMENDMENT** This Agreement and Declaration of Trust may be amended to any extent at any time or from time to time by the majority concurrence of the Trustees serving at that time, provided, however, that no amendment may be submitted or acted upon which shall divert the Trust Fund or any part thereof, to a purpose other than set forth in Section 1 of Article II hereof or which shall permit a refund or return of payments from the Fund to any Employer or which shall eliminate the requirement of an annual audit, the results of which shall be available for inspection by interested parties or which shall provide that the Trust Fund shall be administered other than by an equal number of Employer and Union representatives or which shall be inconsistent with the provisions of any Collective Bargaining Agreements.

**SECTION 2 TAX CONSEQUENCE** This Agreement and Declaration of Trust is being entered into, and the Employer contributions as provided in the Collective Bargaining Agreement between the parties are being made with the intention, condition and understanding of the Association and the Union that payments made by an Employer to such Trust Fund or to the account thereof are legally deductible as a business expense of the Employer for Federal Income Tax purposes, that such contributions are not subject to Federal, Social Security or withholding tax, that such contributions do not constitute a portion of the "Regular Rate" under the Fair Labor Standards Act and that the same are not taxable to any Employee as compensation. In the event that it is finally determined by an appropriate agency or judicial tribunal of competent jurisdiction (whether or not an Employer or any Employee is a party to the proceeding involved in such determination) or in the event that any applicable tax law, regulation, ruling or policy provides that such payments are not so deductible and are not tax exempt, then all parties hereto individually and collectively agree to take any and all action that may be necessary or desirable to merit and obtain and maintain such tax deductibility and exemptions.

**SECTION 3 RETROACTIVE AMENDMENT** Any amendment to this Agreement and Declaration of Trust may be made retroactive if necessary to obtain or maintain the qualification of the Pension Plan and this Trust under appropriate provisions of the Code and regulations issued thereunder so that the income of the Trust Fund may be exempt from taxation.

## ARTICLE VIII

### CONSTRUCTION

#### SECTION 1 - GOVERNING LAW

This Trust Fund is created and accepted in the State of Ohio and all questions pertaining to the validity or construction of this Agreement and of the acts and transactions of the parties hereto shall be determined in accordance with the laws of the State of Ohio, except as to matters governed by Federal law.

#### SECTION 2 - EMPLOYEE RIGHTS

It is understood and agreed that nothing contained in this Agreement and Declaration of Trust shall be construed to create any new or additional obligations or enlarge any existing obligations on the part of the Employers to contribute or pay into or for the Trust Fund now existing or to come into being, other than that contracted for in Collective Bargaining Agreements between the Employers and the Union negotiated from time to time separate and apart herefrom.

#### SECTION 3 - VALIDITY OF DOCUMENTS

Anything herein contained to the contrary notwithstanding, the parties hereto and Trustees shall not have any responsibility for the validity of this Agreement and Declaration of Trust or for the form, genuineness, validity or sufficiency or effect of any insurance contract at any time included in the Trust Fund or for the act of any person or persons which may render any such contract null and void, or for the failure of any insurance company to pay the proceeds and avails and benefits of any such contract as and when the same shall become due and payable, or for any delay occasioned by reason of any restriction or provision contained in any such contract, or if for any reason whatsoever any contract shall lapse or otherwise become uncollectible.

#### SECTION 4 - EFFECT OF ILLEGALITY

Should any provision of this Agreement and Declaration of Trust be held to be unlawful as to any person or instance, such provision or fact shall not adversely affect the other provisions herein contained, or application of said provisions to any other person or instance unless such legality shall make impossible the functioning of the Trust Fund or the Pension Plan. No Trustee shall be held liable for any act done or performed in pursuance of any provisions herein contained (regardless of the fact that such provisions may be held unlawful) prior to the time when such provisions shall in fact be held to be unlawful by a court of competent jurisdiction.

#### SECTION 5 - TRUSTEE STATUS

The Trustees, in their collective capacity, shall be known as the Trustees of the Cement Masons Local No. 536 Pension

Fund and may conduct the business of the Trust Fund and execute all instruments in that name. The Trust fund is an entity separate and distinct from the Union and shall not be deemed an Employer representative. It is further provided that the fact that a Trustee holds an official position with an Employer or in the Union shall not be deemed a conflicting interest.

## SECTION 6 - NOTICES

Each signatory of this Agreement and Declaration of Trust shall deposit with the Trustees a written designation of address to which all notices required or permitted may be mailed. Any notice given to a Trustee, Union, the association or any other person, unless otherwise specified herein, shall be sufficient if in writing and delivered to or sent by postage prepaid, first class mail or prepaid telegram to the latest address filed with the Trustees. Except as herein otherwise provided, the delivery of any statement or document required hereunder to be made to a Trustee, Union, the Association or any other person shall be sufficient if delivered in person or if sent by postage prepaid, first class mail to his or its last address filed with the Trustees.

## SECTION 7 - JUDICIAL CONSTRUCTION

The Trustees may take any legal action or proceeding they deem necessary to settle their accounts or to obtain a judicial determination or declaratory judgment as to any question of construction of this Agreement and Declaration of Trust or the Pension Plan or for instruction as to any action thereunder. Any such determination shall be binding upon all parties to or claiming under this Agreement and Declaration of Trust or the Pension Plan.

## SECTION 8 - EXTENT OF TRUSTEE LIABILITY

To the fullest extent permitted by law, the costs and expenses of any action, suit or proceeding brought by or against the Trustees or any of them including counsel fees, court costs and also including the payment of any judgment and/or cost of settlement of any suit or proceeding which the Trustees may approve upon advice of their counsel that such judgment or settlement was in payment of an obligation owed or reasonably deemed to be owed by the Trust Fund shall be paid from the Trust Fund, except in relation to matter as to which it shall be adjudged in such action, suit or proceeding that such Trustee was acting in bad faith or was negligent in the performance of his duties hereunder.

## SECTION 9 - ENGAGEMENT OF COUNSEL

The Trustees may, in their discretion, employ legal counsel upon any legal question arising out of this Agreement and Declaration of Trust or the administration of the Pension Plan, and any action taken by the Trustees upon the advice of counsel shall be regarded as prudent, and the Trustees shall be held completely harmless and fully protected in acting and relying upon the advice of such counsel to the full extent permitted by law.

**SECTION 10 - NON-REVERSION TO EMPLOYERS**
In no event shall the Employers directly or indirectly receive any benefits from the Trust Fund or receive any refund of contributions made by them to the Trust Fund, except in the case of bona fide mistake.

**SECTION 11 - TITLES**
Titles of articles and sections are for general information only, and this Agreement is not to be construed by reference thereto.

**SECTION 12 - EXECUTION**
This Agreement and Declaration of Trust may be executed in any number of counterparts, each of which shall have the force of an original, and said counterparts shall constitute but one and the same instrument.

**SECTION 13 - SEVERABILITY**
In the event that any article of this instrument or any part thereof is determined to be illegal or invalid, such illegality or invalidity shall not affect the remaining provisions of this instrument as presently written or subsequently amended unless such illegality or invalidity prevents the Trustees from accomplishing the purpose of this Trust. In such event the parties hereto individually and collectively agree to commence negotiations aimed at correcting any such defect.

IN WITNESS WHEREOF, the parties hereto have executed this instrument to evidence their acceptance of the Trust hereby created and their agreement to be bound thereby, and all other parties have executed this agreement as of the day and year first above written.

EMPLOYER TRUSTEES

_____
Paul C. Hoblitzell, III

_____
Patricia Sobiech

UNION TRUSTEES

_____
William Browning

_____
Aldo J. Jeany

_____
Eugene A. Rowley

28

## FIRST AMENDMENT TO THE AMENDED AGREEMENT AND DECLARATION OF TRUST OF OHIO LOCAL NO. 1 OPERATIVE PLASTERERS AND CEMENT MASONS' PENSION FUND

**WHEREAS,** effective May 1, 1991, the Amended Agreement and Declaration of Trust of the Ohio Local No. 1 Operative Plasterers and Cement Masons Pension Fund (hereinafter "Trust") was established; and

**WHEREAS,** the right to amend the Trust has been reserved to the concurrence of the Trustees serving at the time under Article VII, Section 1 thereof, which right the Trustees now desire to exercise.

**NOW, THEREFORE,** the Trustees hereby amend the Trust as follows:

1. By revising the first paragraph of Article III, Section 8 to state as follows:

To constitute a quorum for the transaction of business, the presence of at least two (2) Trustees is required, at least one (1) of whom shall be an Employer Trustee, and one (1) of whom shall be a Union Trustee. At all meetings of the Trustees, Employer Trustees present shall have, in the aggregate, a total of three (3) votes and the Union Trustees present shall have, in the aggregate, a total of three (3) votes. In the event there are only two (2) Trustees present (one Employer and one Union) and in the further event either the one Union Trustees or the one Employer Trustees cannot agree on how to cast the absent Trustees vote, then such matter being voted on shall be postponed until all the Trustees are present at a meeting. So long as any vacancy exists on the Board of Trustees, the number of Trustees necessary to constitute a quorum shall be reduced by the number of existing vacancies.

**IN WITNESS WHEREOF**, this First Amendment has been executed, adopted and effective this 1st day of October 2004.

Employer Trustees:

_____
Joseph Ciacchi, Co-Chair

_____
Thomas Blevins, Trustee

_____
John H. Green, Trustee

Union Trustees:

_____
Edwin Boggs, Co-Chair

_____
Stephen J. Prosek, Trustee

_____
Paul Hoblitzell, Trustee

F:\Plasterers1\Pension\Trust Agreement\1st Amd.doc

**SECOND AMENDMENT TO THE**
**AMENDED AGREEMENT AND DECLARATION OF TRUST OF OHIO LOCAL NO. 1**
**OPERATIVE PLASTERERS AND CEMENT MASONS'**
**PENSION FUND**

**WHEREAS,** effective May 1, 1991, the Amended Agreement and Declaration of Trust of the Ohio Local No. 1 Operative Plasterers and Cement Masons Pension Fund (hereinafter "Trust") was established; and

**WHEREAS,** the right to amend the Trust has been reserved to the concurrence of the Trustees serving at the time under Article VII, Section 1 thereof, which right the Trustees now desire to exercise.

**NOW, THEREFORE,** the Trustees hereby amend the Trust as follows:

1. **Effective May 1, 2009, by revising Article IV, Section 5(b) in its entirety to read as follows:**

> (b)      The Employer contributions to be paid into the Trust Fund shall not constitute or be deemed wages due to the Employees, and such contributions shall not in any manner be liable for or subject to the debts, contracts or liabilities of the Employers, the Union, or the Employees.  However, contributions or other monies received from or owing from an Employer and/or an individual(s) who has control over the payment of such contributions shall be deemed Trust Fund assets.

1

**IN WITNESS WHEREOF**, this Second Amendment has been executed this 7th day of October 2009, but effective as of May 1, 2009.

**BOARD OF TRUSTEES OF THE**
**OHIO LOCAL NO. 1 OPERATIVE PLASTERERS' AND**
**CEMENT MASONS' PENSION PLAN**

**UNION TRUSTEES:**                              **EMPLOYER TRUSTEES:**

_____                        _____
Joseph Ciacchi, Co-Chair                        Edwin Boggs, Co-Chair

_____                        _____
Thomas Blevins, Trustee                         Stephen J. Prosek, Trustee

_____                        _____
John Green, Trustee                             Edgar Dodds, Trustee

\\sbserver\shared\prolaw\opcm local 1 pension fund\amendment to trust agreement\42997.doc

2

# THIRD AMENDMENT TO THE
# AMENDED AGREEMENT AND DECLARATION OF TRUST OF OHIO LOCAL NO. 1 OPERATIVE PLASTERERS' AND CEMENT MASONS' PENSION FUND

**WHEREAS,** effective May 1, 1991, the Amended Agreement and Declaration of Trust of the Ohio Local No. 1 Operative Plasterers' and Cement Masons' Pension Fund (hereinafter "Trust Agreement") was established; and

**WHEREAS,** pursuant to Section 1 of Article VII of the Trust Agreement, the right to amend the Trust Agreement has been reserved to the Trustees by a majority concurrence of the Trustees serving at the time, which right the Trustees now desire to exercise.

**NOW, THEREFORE,** the Trustees hereby amend the Trust Agreement as follows:

1.      **Effective May 1, 2014, by revising Section 1 of Article III in its entirety to read as follows:**

> **SECTION 1 NUMBER OF TRUSTEES**  The Trust Fund shall be administered by a Board of Trustees consisting of six (6) Trustees, three (3) of whom shall be designated "Employer Trustees" and shall be appointed by the Association, and three (3) of whom shall be designated as "Union Trustees" and shall be appointed by the Union.  Each Trustee shall serve as such until he shall die, become incapable of acting hereunder, resign or be removed as herein provided.  The Trustees shall serve without compensation, but they shall be reimbursed for all reasonable and necessary expenses properly and actually incurred by them in connection with the performance of their official duties as Trustees, including, but not limited to, reimbursement for lost wages while attending Trustee meetings or other meetings for and on behalf of the Trust Fund.  The Association may appoint up to two (2) alternate Trustees, either of whom shall act for the Association in the absence of an Employer Trustee, and the Union may appoint up to two (2) alternate Trustees, either of whom shall act for the Union in the absence of a Union Trustee; provided, however, that if the Union or the Association, as applicable, is represented at a meeting of the Board of Trustees exclusively by its Alternate Trustee(s), all of its Employer Trustees or Union Trustees, as applicable, being absent, a quorum shall be deemed to be lacking, and such

1

Alternate Trustee(s) may not cast the absent Trustees' votes on any matter before the Board of Trustees at such meeting.  Any alternate Trustee shall be subject to all the terms of this Trust Agreement.


**IN WITNESS WHEREOF**, this Third Amendment has been executed this 16th day of September, 2014, but is effective as of May 1, 2014.


**BOARD OF TRUSTEES OF THE
OHIO LOCAL NO. 1 OPERATIVE PLASTERERS' AND
CEMENT MASONS' PENSION PLAN**

**UNION TRUSTEES:**                                **EMPLOYER TRUSTEES:**


_____          _____
Joseph Ciacchi, Co-Chair                          Stephen J. Prosek, Co-Chair

_____          _____
Mark Kuhn, Trustee                                    Edgar Dodds, Trustee

_____          _____
David Santo, Trustee


\\afserver\shared\prolaw\opcm local 1 pension fund\amendment to trust agreement\142383.doc