**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DIRECTORS OF THE OHIO CONFERENCE
OF PLASTERERS AND CEMENT MASONS
COMBINED FUNDS, INC., et al.,

        Plaintiffs,

v.

OMNI FIREPROOFING CO., LLC,

        Defendant.

Case No. 1:23-cv-180

McFarland, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[1]**

Filed two and a half years ago, this case has been referred to the undersigned to rule on all motions except for motions to extend pretrial deadlines and summary judgment motions. (Doc. 5.) Currently pending is Defendant's motion to strike Plaintiffs' expert designation of David M. Coomer, CPA, and to bar his expert testimony at trial as a sanction based on Plaintiffs' allegedly inadequate Rule 26(a)(2) disclosure. For the reasons explained below, the Court denies Defendant's motion.

**I.**     **Background**

This case arises under the Employee Retirement Income Security Act ("ERISA"). Plaintiffs collect fringe benefit contributions and deductions on behalf of various employee

---

[1]As another magistrate judge recently explained, "[t]here is a lack of consensus among the federal courts as to whether a motion to strike an expert witness is a nondispositive matter … or a dispositive matter to be addressed in a report and recommendation of the magistrate judge to the district judge. *Plainview Mobile Home Park v. City of Oak Grove, Kentucky*, No. 5:22-cv-75-BJB-LLK, 2024 WL 5172210, at *3 (W.D. Ky. Dec. 19, 2024) (collecting and discussing cases, and concluding that issue could be resolved by Order). The undersigned finds that disposition by Order is appropriate in this case, both because the recommended disposition is non-dispositive, and because the weight of authority supports ruling by order.

benefits plans and labor organizations. (Doc. 1, Complaint at ¶1.) Among other claims, Plaintiffs generally allege that Defendant failed to remit contributions for a number of its employees pursuant to a collective bargaining agreement ("CBA") to which Defendant agreed. (*Id.*, ¶¶ 21-30) Plaintiffs further allege that Defendant was required to provide records and submit to an audit for the period ranging from January 1, 2019 through December 31, 2021 but failed to do so. (*Id.*, ¶¶ 18, 20, 27, 29.) Notwithstanding the Complaint's reference to 2019, the parties' recent memoranda describe the primary period in issue as June 1, 2020 to December 31, 2021. (Doc. 42, PageID 391; *see also* Doc. 44, PageID 440.)

At the request of both parties, proceedings were stayed approximately eleven times between July 2023 and January 2025 in order for David M. Coomer of Clark Schaefer Hackett CPAs & Advisors to complete what the parties repeatedly described as a "payroll audit," to subsequently resolve "discrepancies between the Parties' records and the audit report," (*see* Docs. 23, 25), and for the parties to consider extrajudicial options for resolution of their underlying dispute.[2] (*See*, *e.g.*, Docs. 13, 15, 16, 17, 18, 19, 20, 21, 23, 25.) Due to the number of stays, a Calendar Order was not entered until February of this year. (Doc. 31.) Pursuant to that Order, Plaintiffs were to complete expert disclosures under Rule 26(a)(2) by June 6, 2025, with Defendant to complete corresponding disclosures by July 7, 2025. All discovery was to be completed by September 19, 2025, with dispositive motions due on October 22, 2025. No trial date has been set. (*Id.*)

Coomer was previously disclosed as a fact witness in Plaintiffs' initial Rule 26(a) disclosures. While proceedings were stayed, on February 14, 2024, Defendant was

---

[2]In addition to their own efforts, the parties participated in a court facilitated mediation on April 14, 2025 before Magistrate Judge Karen L. Litkovitz. To date, the parties' extrajudicial efforts have not borne fruit.

provided with a copy of Coomer's initial draft payroll audit report. (See Doc. 41-1.) The parties' discussions of "discrepancies" between the records and the audit report culminated with production of a revised iteration of the report's calculations on October 1, 2024.

In addition to disclosing Coomer as a fact witness, Plaintiffs identified him on June 6, 2025 as a non-retained expert under Rule 26(a)(2)(C). The Rule 26 disclosure states:

> Mr. Coomer is a shareholder of Clark Schaefer Hackett. Clark Schaefer Hackett is retained by the Plaintiffs to perform their audits and thus Mr. Coomer was not retained or specially employed to provide expert testimony in this case. Mr. Coomer may testify with respect to the audits he performed of Defendant in this matter. Specifically, Mr. Coomer may testify with respect to the records and documents produced by Defendant and reviewed by him in performing the audits. In addition, Mr. Coomer may testify regarding his calculations with respect to the number of underreported hours worked by the employees of Defendant during the audit periods that were covered by the CBAs to which Defendant is bound. A copy of Mr. Coomer's calculations to date, which are subject to revision based on further discovery in this matter, are attached hereto and incorporated by reference.

(Doc. 39, PageID 317-318.) Less than a week later, Defendant moved to strike the Expert Designation under Rule 37(c). (Doc. 41.) Plaintiffs filed a response, to which Defendant has filed a reply. (Docs. 42, 44.)

## II. Analysis

### A. Defendant Failed to Comply with Local Rule 37.1 and the Undersigned's General Standing Order

Plaintiffs urge the Court to deny Defendant's motion based on Defendant's failure to comply with procedural rules. The Court agrees that the motion to strike is a discovery-related motion that Defendant should have attempted to resolve informally prior to filing a written motion. In addition to the requirement that Local Rule 37.1 imposes upon parties to exhaust their efforts to resolve disputes without involving the Court, the undersigned's

Standing Order prohibits parties from filing discovery-related motions prior to an informal telephonic hearing. Ironically, in an unrelated dispute that arose soon after Defendant filed its motion to strike, the parties complied with the referenced procedural rules by jointly requesting an informal conference. By complying with the Local Rule and Standing Order, counsel saved their clients significant time and expense. Judicial time was also preserved, as the undersigned was able to quickly resolve the dispute by notational order following a short telephone conference.

In an attempt to explain its procedural noncompliance, Defendant argues that "this is not a discovery dispute." (Doc. 44, PageID 436.) Despite citing to Rule 26 and Rule 37 in its original motion, Defendant asserts for the first time in its reply memorandum that exclusion of Plaintiffs' expert is sought under 702 of the Federal Rules of Evidence. (Doc. 44, PageID 436); s*ee also*, *generally*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-93 (1993) (noting that expert testimony should be excluded if it is so unreliable as to be unhelpful under Rule 702).

The Court is unpersuaded. Defendant's motion to strike unmistakably frames the matter as a violation of Rule 26(a)(2) and seeks exclusion as a sanction under Rule 37(c). But for a passing attempt to recharacterize the motion in its reply memorandum, Defendant offers no argument to explain why Coomer would not be qualified to offer expert testimony based on his training and experience, or why his proposed testimony is unreliable and therefore should be excluded on evidentiary grounds under *Daubert*, rather than the alleged failure to comply with Rule 26(a)(2)(C).

Notwithstanding the clear procedural error, the Court declines Plaintiffs' invitation to deny Defendant's motion to strike solely on that basis. The Court instead considers the procedural violation as part of the overall context in evaluating the merits of the motion.

### B. The Court Will Not Strike Mr. Coomer' Expert Testimony Under Rule 37 but will require Plaintiffs to Supplement their Disclosure

Plaintiffs disclosed Coomer as a fact witness before their more recent disclosure of him as a non-retained expert. Unlike experts designated under Rule 26(a)(2)(B), a detailed written report is not required under Rule 26(a)(2)(C) for a non-retained hybrid witness who is expected to offer both fact and expert testimony. Nevertheless, a party who seeks to use such an expert must disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

> (ii) a summary of facts and opinions to which the witness is expected to testify.

Rule 26(a)(2)(C).

Defendant's motion criticizes Plaintiffs' disclosure as insufficient to disclose both the "subject matter" about which Coomer is to testify, and the relevant "facts and opinions" on which his testimony will be based. Before addressing those criticisms, the Court acknowledges that Plaintiffs briefly suggest that this Court could conclude that all of Coomer's anticipated testimony concerning calculations that he performed based on his review of Defendant's records is fact testimony, as opposed to expert testimony. *See United States v. Madison*, 226 Fed. Appx. 535, 543-44 (6th Cir. 2007) (testimony of financial analysis based on his examination of accounting records and use of basic arithmetic within capacity of reasonable lay person). Perhaps the trial judge will agree with Plaintiffs. But the undersigned cannot definitively determine at this juncture whether

Coomer's testimony will stray beyond Coomer's previously disclosed role as a fact witness.[3] The topics identified in the Rule 26(a)(2)(C) disclosure do not *necessarily* involve expert testimony, but appear likely to stray into that realm. For example, Plaintiffs state that Coomer "may testify with respect to the records and documents … reviewed by him in performing the audits," and "may testify regarding his calculations with respect to the number of underreported hours worked by the employees of Defendant…." To the extent such testimony includes any opinions based on Coomer's specialized knowledge as a CPA regarding industry standards in conducting his "payroll audit," such testimony would be expert testimony. And at the end of the day, Plaintiffs have elected to identify him as such under Rule 26(a)(2)(C). With that preliminary issue resolved, the Court returns to the grounds asserted for striking his expert designation.

Neither party cites to controlling or published case law that defines the level of detail required in a Rule 26(a)(2)(C) disclosure. In support of its motion, Defendant chiefly relies upon the unpublished *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours and Co.*, No. 2:09-cv-1081-ALM, 2015 WL 1105840 (S.D. Ohio Mar. 11, 2015). In *Little Hocking*, Judge Marbley expressly disagreed with other unpublished cases that held that Rule 26(a)(2)(C) requires little detail beyond a "statement of who was going to testify as to what." *Id.*, 2015 WL 1105840, at *7.

> [A]lleged "opinions" …, which merely state the topics of the opinions to which the expert will testify, without stating any view or judgment on such topics - e.g., an actual opinion - do not satisfy (a)(2)(C). For example, it is not a summary of an opinion to say "Dr. Barton may provide testimony and opinions related to air dispersion modeling, and air monitoring that was conducted regarding the Washington Works facility, including air sampling of PFOA at Washington Works." Such a statement may meet the "subject matter" prong-(a)(2)(C)(i) - but does not satisfy the separate summary of

---

[3]Defendant agrees that, depending on the extent of Coomer's testimony about the draft report, the testimony might not be expert testimony. (*See* Doc. 44, PageID 438.)

> opinion prong-(a)(2)(C)(ii). However, it is a summary of an opinion to say "Dr. Barton may provide her opinion that those efforts were reasonable and accurate to a reasonable degree of scientific certainty," as such a statement expresses a judgment. Further, this Court finds that Defendant's reference to large bodies of material as sources of facts, some thousands of pages long, without stating a brief account of the main points from those large bodies of material on which the expert relied in forming her opinions, fails to meet the standard of providing a "summary of the facts."
>
> !

*Little Hocking Water Ass'n, Inc.*, 2015 WL 1105840, at *6.

*Little Hocking* held that the defendant's disclosures were insufficient because they did not adequately summarize either "the facts and opinions to which the witness is expected to testify" under Rule 26(a)(2)(C)(ii).

> [T]his Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main *opinions* of the expert, and that *the opinions must state a view or judgment regarding a matter that affects the outcome of the case*. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts-only those on which the expert actually relied in forming his or her opinions-that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies.

*Id.*, 2015 WL 1105840, at *9 (emphasis added).

Defendant first challenges Plaintiffs' disclosure of the subject matter of Coomer's testimony under Rule 26(a)(2)(C)(i). But under *Little Hocking,* Plaintiffs' disclosure of the subject matter is sufficient.

Defendant contends otherwise, based on its claim of confusion and surprise about Plaintiffs' reference to "audits" and "CBAs." Defendant cites to a cover letter to the February 14, 2024 draft report that appears to deny that Clark Schaefer performed an "audit." The cover letter reads:

We have performed the procedures described in the following pages to assist you in monitoring [Defendant] for compliance with their fringe benefit reporting requirements for the period from June 1, 2020 through December 31, 2021. The sufficiency of the procedures is solely the responsibility of Ohio Conference of Plasterers and Cement Masons Combined Funds, Inc.

*We were not engaged to, and did not perform an audit*, the objective of which would be the expression of an opinion on the selected employer's compliance with applicable provisions of the collective bargaining agreement regarding contributions or other specified elements, accounts, or items. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

(Doc. 41-1, PageID 363 (emphasis added).)

In response, Plaintiffs persuasively distinguish between the term "audit" as defined by Generally Accepted Accounting Principles, and the type of "payroll audit" used in benefit plan/payroll audits to compare payroll records to reported employee hours. (Doc, 42, n. 1, PageID 391). Immediately after the cover letter is a single narrative page of the draft report captioned "Results of Testing." The "Results" page states: "We were engaged to perform fringe benefit reporting compliance procedures on [Defendant] for the period from June 1, 2020 through December 31, 2021." (Doc. 41-1, PageID 364.) The narrative page continues with reported findings and/or opinions, including procedures and methodology, and how the examiner "identified several discrepancies between Omni's payroll records and the amounts reported." (*Id.*) The "Results" page explains the author's assumptions, including additional employees included in payroll records submitted by Defendant "were performing work covered by the Local 132 Collective Bargaining Agreement ("CBA")." (*Id.*) Based on those assumptions, the "Results" page concludes with calculations about amounts allegedly owed to Plaintiffs.

The parties have been discussing the report, including the Results page, since it was produced on February 14, 2024.[4] On more than one occasion, the parties jointly sought a stay in order to discuss discrepancies between Defendant's records and the draft "audit report." Given Defendant's own prior use of "audit report" and "payroll audit" in multiple motions, Defendant's "surprise" at Plaintiffs' use of the same terminology in its Rule 26(a)(2)(C)(i) disclosure of subject matter is unpersuasive. In any event, Defendant can explore any daylight between the prefatory statement in the cover letter to the February 2024 draft report and Coomer's testimony through cross-examination. Thus, Plaintiffs' disclosure of the subject matter of Coomer's testimony complies with Rule 26(a)(2)(C)(i).

The Court also finds no deficiency with Plaintiffs' disclosure of the "facts" on which Coomer's testimony will be based under Rule 26(a)(2)(C)(ii). Even Defendant acknowledges the obvious – that the calculations attached to Plaintiffs' disclosure appear to be a revised version of calculations included in the draft February 2024 report. Defendant briefly argues that it should not be required to "guess" that the attached pages to the disclosure represent the facts about which Coomer is expected to testify. (Doc. 41, PageID 357.) But aside from that being self-evident, Defendant easily could have confirmed its "guess" had it complied with LR 37.1 and this Court's Standing Order prior to filing a motion. In addition, the revised calculations are comprised of fewer than twenty pages. The Court therefore rejects Defendants' challenge to the summary disclosure of facts about which Coomer will testify under Rule 26(a)(2)(C)(ii). *Accord Owens-Hart v. Howard University*, 317 F.R.D. 1, 4 (D.D.C. 2016) (distinguishing *Little Hocking* because

---

[4]The record reflects that the payroll audit underlying the report was initiated in 2022.

plaintiff's disclosure explicitly referenced 123 pages of medical records as opposed to the overwhelming 1,000+ pages presented in *Little Hocking*).

Last, Defendant criticizes Plaintiffs' summary of Coomer's "opinions" under Rule 26(a)(2)(C)(ii). Under *Little Hocking*, Plaintiffs' disclosure of Coomer's opinions is indeed deficient. While topics are identified, the disclosure lacks an "opinion" statement, such as a summary stating that Coomer's methods of analysis and calculations are "reasonable and accurate under generally accepted principles" in his field. The Court also agrees with Defendant that if Plaintiffs intend for Coomer to opine that Defendant did in fact underreport hours from June 1, 2020 through December 31, 2021, Plaintiffs should clearly state that. (Doc. 44, PageID 439).

Even under *Little Hocking*, however, the deficiency provides no basis for exclusion. In *Little Hocking*, the court elected not to strike multiple experts due to conflicting court views and a lack of guidance in Sixth Circuit in interpreting Rule 26(a)(2)(C), and because no trial date had been set. Rather than striking the experts, the court merely directed the defendant to supplement its disclosures.[5] A decade after *Little Hocking*, there is still no controlling Sixth Circuit case law on point. And while the unpublished *Little Hocking* is generally persuasive, Plaintiffs point to a more recent case, *Federal Insurance Company v. Benchmark Bank*, No. 2:17-cv-135, 2019 WL 1317857, at *3 (S.D. Ohio March 22, 2019), in which Magistrate Judge Deavers cited *Little Hocking* but still rejected a

---

[5]The deficiencies identified in *Little Hocking* were far more significant than the deficiency identified in this case. There, the court also permitted opposing counsel additional time to challenge the supplemental disclosures, and warned that it would require defendant to pay for additional depositions should the supplemental disclosures continue to prove to be insufficient.

challenge to a remarkably similar Rule 26(a)(2)(C) summary of a non-retained expert's opinions.[6]

To some extent, the differing approaches taken in *Little Hocking* and *Benchmark Bank* reflect the exercise of judicial discretion based on different facts. Discovery disputes are often highly context specific. And "Sixth Circuit caselaw makes clear that district courts have broad discretion in addressing discovery disputes*." Plainview Mobile Home Park*, 2024 WL 5172210, at *5. Considering the unique facts and context of *this* case, the undersigned is persuaded that Plaintiffs' Rule 26(a)(1)(C) disclosure is technically deficient because it fails to include a summary of Coomer's expert opinions. The "Results of Testing" disclosed as part of the draft February 2024 payroll audit report and the 19 pages of revised calculations are certainly suggestive of Coomer's opinions concerning per employee calculations. But the formal Rule 26(a)(2)(C) disclosure itself consists only of a list of topics without an explicit summary of any opinions. If Coomer intends to proffer an expert opinion, based on his training and experience, that Defendant underreported covered employee hours, Plaintiffs must supplement their disclosure.

Nevertheless, the record presented confirms that the error was harmless. Given the lack of surprise and that no trial date has been set, there is no prejudice. The Rule 26(a)(2)(C) disclosure that Plaintiffs made, in combination with the February 2024 report, provided Defendant with sufficient notice to proceed with a deposition of Coomer if it so chose, and/or to identify a rebuttal expert.[7] And immediate supplementation of the prior

---

[6]In *Benchmark Bank*, the disclosure stated that the non-retained expert "may offer facts and opinions" about three topics: (1) "security procedures generally and industry standard security procedures during times relevant to this lawsuit"; (2) "the Security Procedures it provided to Benchmark at all times relevant to this lawsuit"; and (3) "the ACH transfers at issue in this lawsuit … and the Security Procedures relevant to the ACH Transfers." *Id*., at *3.

[7]Defendant complains that Plaintiffs failed to supplement their disclosure before Defendant's expert disclosures were due. But Defendant did not seek to extend time to identify its own expert, electing instead

disclosure in order to clarify the summary of Coomer's opinions will serve to cure any possible prejudice that could occur at a future trial. *See, generally, Stephenson v. Family Solutions of Ohio, Inc.*, No. 18cv2017, 2022 WL 279857, at 8 (N.D. Ohio Jan. 31, 2022) (tardy expert disclosure was substantially justified and harmless because late declarations were duplicative of information previously disclosed in spreadsheet form and incorporated into the expert's reports).

### III.    Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

1. Defendant's motion to strike (Doc. 41) is DENIED to the extent that Defendant seeks to strike Coomer as an expert;

2. Notwithstanding the denial of the relief sought by Defendant, the Court directs Plaintiffs to supplement their non-retained expert disclosure within seven (7) days of this Order to cure the identified deficient summary of Coomer's expert opinions under Rule 26(a)(2)(C)(ii).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

---

to rely solely on the drastic remedy of striking a witness whose report has been central to the parties' dispute throughout this litigation. (*See* Doc. 41, PageID 357, eschewing any notion that the error could be cured by supplementing the disclosure).